671 So.2d 899 (1996)
Christina N. and Joseph P. WILLIAMS, et al.
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HOSPITALS, et al.
No. 95-CA-0713.
Supreme Court of Louisiana.
January 26, 1996.
*900 Charles T. Williams, Jr., Robert W. Stratton, Richard P. Ieyoub, Attorney General, John E. Baker, for Applicant.
Lawrence J. Smith, Pamela M. West, for Respondent.
Lawrence S. Kullman, for Louisiana Trial Lawyers Association (amicus curiae).
JOHNSON, Justice.[1]
This matter comes before the court as a direct appeal from a trial judge's determination that La.R.S. 40:1299.39 which establishes a limitation on the state's liability in medical malpractice cases, is unconstitutional.[2] The basis for the lower court's finding of unconstitutionality stems from a prior decision of this court namely, Chamberlain v. State Through DOTD, 624 So.2d 874 (La.1993), wherein we held that the statutory provision limiting a plaintiff's recovery against the state to $500,000.00 is unconstitutional. Here, we must decide whether the lower court's reliance on Chamberlain which effectively eliminated a statutory cap designated to curtail monetary awards rendered against the state, warrants reversal. Additionally, counsel for the state argues the issue of constitutionality was not "properly" placed before the trial court.
For the reasons that follow, we find that the issue of constitutionality was not properly raised, therefore the trial judge improperly declared La.R.S. 40:1299.39 unconstitutional. Accordingly, we vacate the judgment rendered below and remand this matter to the trial court for further proceedings consistent with this opinion.

FACTS
Between 1986 and 1989 plaintiffs' minor child, Robert Williams was treated by Dr. Walter Prickett for hyperactivity. The child was being treated with the drug Ritalin at East Jefferson Mental Health Center where Dr. Prickett was employed. This medical facility operated under the auspices of the Louisiana Department of Health and Hospitals. In October, 1989, the child was admitted to F. Edward Hebert Hospital and diagnosed with Ritalin dependency and a possible overdose.
Christina and Joseph Williams then filed a medical malpractice complaint in October, *901 1990.[3] Thereafter, a medical review panel appointed to investigate this matter concluded that Dr. Prickett's treatment fell below the proper standard of care resulting in substantial damage to the child's health.
Plaintiffs filed their petition for damages based on Dr. Prickett's improper treatment. The trial lasted several days and on the final day, June 3, 1994, plaintiffs hand-delivered a letter along with the copy of the Chamberlain decision to the defendant. This letter informed the State of plaintiffs' intention of attacking the constitutionality of the legislatively created $500,000.00 limitation imposed on monetary damages. The letter reads as follows:
By Hand to Gretna Courthouse
Hon. Richard Iyeoub
State Attorney General
Through Robert Stratton, Esquire
 Re: Christina Williams, et al. v.
 State of Louisiana
Dear Sir:
This is to notify you that we intend to challenge the constitutionality of the cap set by the Legislature of $500,000.00 on general and economic damages for the State of Louisiana in medical negligence cases.
Please take whatever appropriate response you desire.
 Very truly yours,
 Lawrence J. Smith
LJS/gsm
On June 24, 1994 the trial court rendered its decision, awarding the plaintiffs damages in the amount of $2,019,800.86 with legal interest from the date of filing with the Medical Review Panel. Relying exclusively on Chamberlain, the trial judge determined that the statutory restraints of La.R.S. 40:1299.39 was unconstitutional.
Before determining whether the statute is unconstitutional, we must first decide whether or not the issue of constitutionality was properly raised below. On this issue, the litigants have very opposing views. The plaintiffs assert that the issue was properly raised. In support of their position, they argue, not only was the state given formal notice of their intentions of attacking the statute, the state failed to raise any objection and failed to request a delay in the trial proceedings in order to argue and brief the issue.[4] Further, they argue that the state was aware of their intention to challenge the constitutionality of the statute during settlement negotiations which took place long before trial and from the fact that they sought damages well above the ceiling provided in La.R.S. 40:1299.39.
Also, the plaintiffs argue that the state's failure to object to raising the issue in the trial court, their failure to request this issue be separated, failure to seek a new trial, failure to request a rehearing, and failure to seek writs constitute a waiver of any "technical defect" which may have occurred.
In its opposition, the state argues that the issue of constitutionality was not properly raised below and the trial judge committed manifest error when he ruled that the statute was unconstitutional. The state is of the opinion that in order to properly place the issue of constitutionality before a court, written pleadings must be filed specifying the citation of the offending statute along with the constitutional provisions allegedly offended. They further argue that since plaintiffs' petition for damages, original and amended, contained no allegation of unconstitutionality, nor was constitutionality ever raised in any motion or pleading filed in the trial court, that there was never a formal briefing, and the only argument pertaining to the constitutionality of La.R.S. 40:1299.39 presented in the trial court occurred orally on the final day of trial, proves that plaintiffs failed to properly raise this issue.
Our jurisprudence mandates that an attack upon the constitutionality of a statute must first be presented in the trial court. Also, the unconstitutionality of the statute must be specially pleaded and the grounds for the claim particularized. See Vallo v. *902 Gayle Oil Co., Inc., 646 So.2d 859 (La.1994); Johnson v. Welsh, 334 So.2d 395 (La.1976). Therefore, in order to successfully challenge the constitutionality of a statute, the party attacking the statute has a three-tier burden. First of all, the plea of unconstitutionality must first be made in the trial court. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Vallo, supra; Johnson, supra. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized.
Employing the above test to this case, the facts reveal that the plaintiffs failed to meet all of the jurisprudential requirements. While the trial judge entertained plaintiffs' challenge of constitutionality after receiving a copy of the June 3, 1994 correspondence outlining their particular reasons why they determined La.R.S. 40:1299.39 was unconstitutional, the record is devoid of any evidence to suggest that this challenge was contained in a civil pleading. This proves that the plaintiffs failed to successfully complete the second tier.
Relying on LSA-C.C.P. article 852, in Vallo, supra, this court defined civil pleadings as petitions, exceptions, written motions and answers. We went on to state: "when a claim of the unconstitutionality of a statute is specifically plead, the claim must be raised in a petition ... an exception, a motion or answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings." Vallo, at 865. Using this same analogy, we conclude that a letter likewise fails to equate to a legal pleading.
Turning once again to the state's argument that a formal briefing of the issue of constitutionality never occurred, Vallo holds that the litigants should be afforded sufficient time to brief and prepare arguments regarding whether or not a statute is unconstitutional to avoid unfair prejudice to the parties. Additionally, a contradictory hearing should have been held wherein both sides would be given an opportunity to brief and argue the issue.[5]
The law in this area is clear. The constitutionality of a statute must first be questioned in the trial court. If a party attacks a statute's constitutionality, the attack must be specially pleaded (petition, exception, written motion, answer) and the grounds particularized. The parties will then be allowed sufficient time to brief and prepare arguments regarding their position on constitutionality and a contradictory hearing must occur in the trial court after the parties have had ample time to brief and prepare arguments. Plaintiffs argue that the state should have requested a hearing and a continuance when the issue of constitutionality was raised during trial. Their self-admittance of a "technical defect" falls short of what is required by law. Finally, the record does not contain evidence that a contradictory hearing took place.

DECREE
Because of the unusual circumstances involved, that is, the Chamberlain decision being addressed for the first time during trial, in fairness to the plaintiffs and the defense (Attorney General) who was not properly served and had no time to prepare briefs or present arguments, the trial judge's ruling is set aside. The trial court is ordered to enter a judgment after proper consideration of the constitutional issue.
REVERSED AND REMANDED.
LEMMON, J., concurs in the result.
NOTES
[1] Watson, J., not on panel. Rule IV, § 3. Chief Judge Lottinger, Court of Appeal, First Circuit has been assigned as Justice Pro Tempore, in place of Justice James Dennis.
[2] La. Constitution Art. 5 § 5(D) provides in part that a case shall be appealable to the Supreme court if an ordinance or law is declared unconstitutional.
[3] Joseph Williams died in 1991.
[4] Plaintiffs state that they briefed the issue, and provided a copy of the Chamberlain decision on both the court and defense.
[5] Id. at 865.