770 So.2d 776 (2000)
Russell Paulette Lebouef ISTRE, et al.
v.
Daniel MECHE, et al.
No. 00-CA-1316.
Supreme Court of Louisiana.
October 17, 2000.
*777 Lisa Eve Mayer, John Fayne Wilkes, III, Borne, Wilkes & Brady, Lafayette; Homer E. Barousse, Jr., Barousse & Craton, Crowley; Freeman Rudolph Matthews, Thomas Allen Usry, John Vito Quaglino, Usry & Weeks, Metairie; Craig Edmond Frosch, Counsel for Applicant.
Thomas David Curtis, Lafayette, Walter Kay Jamison, III, Daniel Meche (pro se), Preston D. Cloyd, John Powers Wolff, III, Charles H. Braud, Jr., Richard P. Ieyoub, Baton Rouge, Counsel for Respondent.
KIMBALL, Justice.
This case involves a direct appeal to this court from the trial court's judgment that La. R.S. 13:5105 is an unconstitutional denial of equal protection. After reviewing the record of this case, we hold the trial court erred in declaring, on its own motion, La. R.S. 13:5105(A) unconstitutional and, similarly, erred in declaring La. R.S. 13:5105(D) unconstitutional as this section was not implicated by the facts of this case. Accordingly, the trial court's judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
On August 29, 1998, Russell Paulette LeBouef Istre was injured when the vehicle she was operating in the City of Rayne was struck by a pickup truck whose driver was being pursued by an Acadia Parish Sheriff's Deputy and a Rayne City Police Officer. Plaintiffs, Mrs. Istre and her husband, originally filed suit against the driver of the pickup truck, Daniel Meche, and State Farm Mutual Automobile Insurance Company on September 11, 1998. On January 5, 1999, plaintiffs filed a Supplemental and Amending Petition to name several additional defendants, including Deputy Kevin Trahan of the Acadia Parish Sheriffs Office, Acadia Parish Sheriff Kenneth Goss (collectively referred to as the "Sheriff"), Officer Russell Buchanan of the Rayne City Police Department, and the City of Rayne (collectively referred to as the "City"), as additional defendants. This amended petition included a request for trial by jury.
The Sheriff and the City thereafter filed separate motions to strike plaintiffs' request for a jury trial, arguing that a jury trial is not available against a political subdivision pursuant to La. R.S. 13:5105(A). In response, plaintiffs filed a Second Supplemental and Amending Petition challenging the constitutionality of La. R.S. 13:5105(D), which permits a political subdivision to waive the prohibition against a jury trial provided in La. R.S. 13:5105(A), on equal protection grounds, and adding the State, through the Attorney General, as a defendant.
A hearing on defendants' motions to strike plaintiffs' jury demand was held on January 18, 2000. After the hearing, the following judgment was rendered by the district court:

*778 IT IS ORDERED, ADJUDGED AND DECREED that the Motions to Strike the Jury be and are hereby denied for the reason that the prohibition of jury trials except upon a waiver by the political subdivision is an unconstitutional denial of equal protection.
At the hearing, the trial judge explained his reasons for judgment as follows:
The Court feels that it's basically unfair and against equal protection to allow one party to have the option of saying whether they want a jury trial and the other side not to have that option as a matter of law. It's unconstitutional. What's good for the goose is good for the gander and the Court will deny the motion to strike the jury.
One of defendants' attorneys then requested that the trial judge clarify his ruling and explain whether section (A) or (D) of the statute was unconstitutional since defendants' motions to strike were based on La. R.S. 13:5105(A) while plaintiffs' constitutional attack was based on La. R.S. 13:5105(D). The trial judge declined to further clarify his ruling, stating:
I think my ruling was clearest for what the reason, you know, that I gave for the unconstitutionality of the statute. I don't feel that I need to expound on it any further for the record at this point.
The Sheriff and the City have appealed the district court's declaration of unconstitutionality to this court pursuant to La. Const. art. V, § 5(D). Both appellants argue that the constitutionality of La. R.S. 13:5105(A) was not properly before the trial court as plaintiffs' amended petition specifically challenged the constitutionality of section (D) of the statute.

LAW AND DISCUSSION
Under Louisiana law, no suit against a political subdivision of the state shall be tried by jury unless the political subdivision, by general ordinance or resolution waives the prohibition against a jury trial. This law is provided by La. R.S. 13:5105, which states in pertinent part:
A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
. . .
D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
While it is not entirely clear from the record whether the trial judge declared section (A) or (D), or both, unconstitutional, logic dictates that section (A) must have been declared unconstitutional. After the hearing, defendants' motions to strike plaintiffs' jury demand were denied. This ruling effectively allows plaintiffs to have a jury trial against a political subdivision, a situation prohibited by La. R.S. 13:5105(A). Thus, in order for plaintiffs to be afforded a jury trial against defendants, the trial court must have found section (A) unconstitutional. Had the trial court declared only section (D) unconstitutional, a jury trial would still have been prohibited under section (A) of the statute and the defendants' motions to strike plaintiffs' jury demand would have been granted. Logically, then, we must conclude that the trial court declared section (A) of La. R.S. 13:5105 unconstitutional.
*779 Generally, a court should not reach the question of a statute's constitutionality when its unconstitutionality has not been placed at issue by one of the parties to a proceeding. Board of Comm'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076. See also Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65; Lemire v. New Orleans Pub. Serv., Inc., 458 So.2d 1308, 1311 (La. 1984). A judge should not declare a statute unconstitutional until the issue of its constitutionality has been presented because a judge's sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. Board of Comm'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076. While there is no single procedure for assailing the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Reeder v. North, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; Williams v. State, Dept. of Health & Hospitals, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. This court has articulated this burden as composed of three tiers: "First of all, the plea of unconstitutionality must first be made in the trial court. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized." Williams, 95-0713 at pp. 4-5, 671 So.2d at 902 (internal citations omitted). These procedural rules exist to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. Vallo, 94-1238 at p. 9, 646 So.2d at 865. This opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute.
In the instant case, the constitutionality of La. R.S. 13:5105(A) was not specially pleaded by any party. Rather, plaintiffs chose to explicitly plead only the constitutionality of La. R.S. 13:5105(D) in their amended petition.[1] Consequently, the trial court erred in declaring, on its own motion, section (A) of the statute unconstitutional. Its ruling declaring the statute unconstitutional must therefore be vacated.
*780 Similarly, if the trial court's judgment is interpreted to declare section (D) of the statute unconstitutional, this ruling is also in error. Although the constitutionality of section (D) was specially pleaded by the plaintiffs in an amended petition, that section was not implemented in this case and, consequently, should not have been ruled upon by the trial court. In Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964), this court declined to address the constitutionality of an industry promotion statute because the city had taken no action to implement the statute and was therefore presented with an abstract challenge. This court stated:
A statute cannot be challenged in the abstract. As we have observed, the statute is permissive only. To render it operative requires implementation by the local governing authority, the City of New Orleans. That authority has taken no action to implement it, and whether or not it will ever do so is entirely discretionary. Under the circumstances, we cannot assume that it will act. Clearly, the present attack upon the constitutionality of the statute does not present a justiciable controversy.
Id. at 11. In the instant case, defendants did not execute any general ordinance or resolution waiving the prohibition against a jury trial as allowed by La. R.S. 13:5105(D). Section (D), therefore, was not implicated by the facts of this case and should not have been addressed by the trial court. As we have previously cautioned, "A court should not reach or determine constitutional issues unless, in the context of a particular case, the resolution of such issues is necessary to decide the case." Louisiana Associated Gen. Contractors, Inc. v. New Orleans Aviation Bd., 97-0752, p. 4-5 (La.10/31/97), 701 So.2d 130, 132 (citing Cameron Parish Sch. Bd. v. AcandS, Inc., 96-0895, p. 5 (La.1/14/97), 687 So.2d 84, 87). Because it was not necessary for the trial court to address the constitutionality of section (D) of the statute, the trial court's declaration of unconstitutionality, to the extent it did address such constitutionality, is vacated.

DECREE
For the reasons assigned, the district court's judgment is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.
VACATED AND REMANDED.
LEMMON, J., concurs and will assigns reasons.
NOTES
[1] Plaintiffs' Second Supplemental and Amending Petition provides in pertinent part:

Petitioners aver that L.R.S. 13:5105(D) is unconstitutional by reason of the following non-exclusive particulars:
a) Petitioner is informed that neither the Sheriff nor the City of Rayne has adopted a resolution or ordinance which waives the prohibition against a jury trial.
b) A plaintiff seeking to obtain a jury trial against a political subdivision which has enacted such an ordinance or resolution is therefore entitled to a jury trial while a plaintiff lodging exactly the same claim against a political subdivision which has not adopted such a resolution or ordinance cannot obtain one.
c) Subsection (D) violates the equal protection mandate of the constitution.
d) Subsection (D) places the ability to obtain or not to obtain a jury in the total control of a political subdivision and removes the ability to request and obtain a jury trial from all other parties to the litigation.
e) Subsection (D) represents a special law which grants privileges to some while excluding the privilege from others who are supposed to be on an equal footing.
f) Even if there is no fundamental right to a jury trial, the legislature can pass no law granting favoritism to some to the exclusion of others.
g) Subsection (D) is not reasonably related to any general social interest. Any concern over excessive verdicts rendered by juries has been addressed and removed by L.R.S. 13:5106.
h) The waiver of sovereign immunity contained within Article 12 Section 10 of the Constitution mandates that the law of the land be applied equally to sovereign and private litigants. L.R.S. 13:5105(D) violates this provision.