j#uhn, j.
Defendant-appellant, Charles Kozak, appeals a judgment, which: (1) denied his declinatory, dilatory, and peremptory exceptions; (2) granted the request of plaintiff-appellee, Mull & Mull (a Louisiana Partnership) (M & M) for supplemental relief for a “decree” ordering a third-party escrow agent to disburse funds described in a previously-rendered, devolutively-ap-pealed declaratory judgment; and (3) ordered disbursement of attorneys’ fees on deposit in an escrow fund in accordance with the terms of the previously-rendered judgment. We reverse.
BACKGROUND[1]
Kozak and M & M were awarded $8,833,435.37 in attorneys’ fees for their representation of ninety Hemophiliac/AIDS clients who had opted out of a global settlement in a federal class action *845 proceeding. After disagreement on the division of the attorneys’ fees arose between the parties of this appeal, Kozak and M & M filed various claims against each other seeking, among other things, declaratory relief.
On April 22, 2002, the trial court rendered a declaratory judgment, addressing, among other things, the division of attorneys’ fees between Kozak and M & M; decreeing that Kozak and M & M had entered into a quantum meruit fee sharing arrangement; and allocating 85% of the total attorney fee to M & M with the remaining 15% to Kozak. Kozak devolu-tively appealed the April 22, 2002 declaratory judgment. See Barham & Arceneaux v. Kozak, 2002-2325 (La.App. 1st Cir.3/12/04), 874 So.2d 228 (awarding M & M further damages in an amount equal to the legal interest on $292,128.02 and otherwise affirming the trial court’s judgment).
Prior to this court’s disposition on appellate review of the April 22, 2002 judgment, M & M filed a petition for further relief based on the declaratory judgment in the trial court. According to the allegations of the supplemental relief petition, the total attorneys’ fees were escrowed into a joint account at Hibernia National Bank,[2] and an escrow agent (the Escrow Agent) was appointed pursuant to an agreement between M & M and Kozak (the Escrow Agreement). The Escrow Agreement expressly stipulated conditions for which the escrow agent was authorized to disburse the funds held in the Hibernia National Bank joint account. Noting that the April 22, 2002 judgment had been de-volutively appealed, M & M averred entitlement to a judgment executing or giving effect to the declaratory judgment under the terms of the Escrow Agreement. Claiming that the April 22, 2002 declaratory judgment was “now executory,” M & M specifically requested a “decree” ordering and authorizing the third-party escrow agent to disburse the funds held in the Hibernia National Bank joint account.
Kozak filed declinatory, dilatory, and peremptory exceptions, answered M & M’s pleading, and asserted affirmative defenses. After a hearing, the trial court denied the exceptions, granted M & M the requested relief, and signed a [¿judgment in conformity with its rulings. This suspen-sive appeal by Kozak followed, and M & M has answered the appeal.
DISCUSSION
Louisiana Code of Civil Procedure article 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.
M & M filed its petition seeking supplemental relief based on the April 22, 2002 declaratory judgment, attaching to its pleading the Escrow Agreement executed between the parties. The supplemental petition specifically requests distribution of the funds held in the Hibernia National Bank joint account in accordance with the *846 terms of the earlier-rendered declaratory judgment, averring that the amounts to which M & M is entitled were fixed, determinable, and “now executory” under the provisions of the April 22, 2002 judgment, and that a decree directed to the Escrow Agent ordering disbursement of the funds held in the Hibernia National Bank joint account was necessary and/or proper relief.
The Escrow Agreement, which is undated, states that the Escrow Agent shall only disburse funds from the joint account:
A. Upon written consent of [M & M’s expressly-identified representative]; and [Kozak or his expressly-identified attorney]; or alternatively,
B. Within thirty (30) days of execution of a final judgment ordering said disbursement, assuming no suspensive appeal is taken within thirty days; or . alternatively,
|fiC. Within ten days after an interlocutory decree ordering said disbursement, in the event there is not notice of filing of a writ application within the ten days.
Relying only on the terms of the Escrow Agreement and acknowledging that Kozak appealed the April 22, 2002 judgment, M & M urges that under La. C.C.P. art. 2088(7), the trial court retained jurisdiction to execute or give effect to the judgment because the appeal taken by Ko-zak was merely devolutive. Thus, M & M reasons, the “[f]urther relief’ the trial court is permitted to grant under La. C.C.P. art. 1878 includes issuance of an order of disbursement of the funds held in the Hibernia National Bank joint account.
Although nothing under La. C.C.P. art. 1878 prevented M & M from introducing evidence to support its claimed entitlement to the requested relief, at the hearing of this matter neither M & M nor Kozak chose to do so. M & M acknowledges that Kozak has not provided written consent, and it does not contend that the judgment under scrutiny is an interlocutory decree ordering disbursement. Instead, M & M urges the stipulation allowing for the funds on deposit in the Hibernia National Bank joint account to be withdrawn “within thirty (30) days of execution of a final [j]udgment ordering said disbursement, assuming no suspensive appeal is taken within the thirty day period,” has been satisfied by the April 22, 2002 declaratory judgment, which expressly “allocated the funds in dispute between [M & M] and Kozak.”
The function of a declaratory judgment is simply to establish the rights of parties or to express the opinion of the court on question of law without ordering anything to be done. See La. C.C.P. arts. 1871 and 1881; Williams v. City of Baton Rouge, 2002-0339, p. 6 (La.App. 1st Cir.2/14/03), 848 So.2d 9, 13. The | ^distinctive characteristic of a declaratory judgment is that the declaration stands by itself with no executory process following as a matter of course, so that it is distinguished from a direct action in that it does not seek execution or performance from the defendant or the opposing litigants. Billingsley v. City of Baton Rouge, 95-2162 (La.App. 1st Cir.4/30/96), 673 So.2d 300, 302, writ denied, 96-1490 (La.9/20/96), 679 So.2d 439.
Because the function of a declaratory judgment is simply to establish the rights of the parties or to express an opinion of the court on a question of law without ordering anything to be done, the devolu-tively-appealed, April 22, 2002 declaratory judgment could not — as a matter of law-— include an order of disbursement. Lacking an order of disbursement, on the showing made, the stipulation permitting the Escrow Agent to disburse the funds on deposit in the Hibernia National Bank *847 joint account “within thirty (30) days of execution of a final [¡Judgment ordering said disbursement, assuming no suspensive appeal is taken within the thirty day period” is not fulfilled by the April 22, 2002, declaratory judgment. Thus, resting solely on the terms of the Escrow Agreement, M & M has failed to prove a decree authorizing and ordering the Escrow Agent to disburse the funds is necessary or proper so as to satisfy its evidentiary burden under La. C.C.P. art. 1878 as determined by the parties through their Escrow Agreement.
We expressly note that our holding does not preclude M & M from seeking appropriate supplemental relief based on the April 22, 2002 judgment founded on a proper evidentiary showing. M & M’s prayer for supplemental relief did not request, and the trial court did not issue, a money judgment in conformity with the | ./allocations set forth in the April 22, 2002 declaratory judgment. Moreover, the parties did not introduce any testimonial evidence lending insight into the confection of or the terms utilized in the Escrow Agreement. And in this review, the validity of the terms of the Escrow Agreement or the propriety of its application to the parties has not been asserted. The judgment under review purported to apply the terms of the Escrow Agreement as support of the order of disbursement of the funds in the joint account and to authorize the Escrow Agent to disburse the funds ostensibly in accordance with the allocations stated in the April 22, 2002 judgment. But this record demonstrates that by the terms of their agreement, the disbursement and the Escrow Agent’s authority to disburse hinged on an order of disbursement, which the April 22, 2002 declaratory judgment did not declare.
Additionally noteworthy is that nothing in this record establishes that the Escrow Agent was joined in the hearing or otherwise made a party to the requested relief directed at him. See La. C.C.P. art. 641 (mandating the joinder of a person as a party in the action when, in his absence, complete relief cannot be accorded among those already parties). Furthermore, based on only the four corners of the Escrow Agreement, we cannot ascertain the scope of the Escrow Agent’s duties so as to determine whether his role includes any contractually-delegated responsibility for “any adverse party whose rights have been adjudicated by the declaratory judgment,” thereby requiring his appearance before issuance of supplemental relief under La. C.C.P. art. 1878.
We find additional problems with the judgment under review. While the judgment grants M & M’s request for supplemental relief, ordering that the funds | ^deposited in the Hibernia National Bank joint account “shall be disbursed in accordance with the allocations set forth in the April 22, 2002 Judgment,” there are no specific monetary amounts accompanying that provision. The November 14, 2002 judgment includes that the Escrow Agent:
is hereby authorized to disburse funds on deposit in accordance with the terms of the [April 22, 2002, declaratory] Judgment and [the] Escrow Agreement, with Charles Kozak being entitled to receive distribution in the sum of $1,367,121.61, which sum includes a proportionate share of interest earned in the [joint account] through November 3, 2002, and with [M & M] being entitled to receive a distribution of the remainder of the funds in the [joint account] as of November 3, 2002, including a proportionate share of the interest earned in the [joint account] through November 3, 2002, or the sum of $6,570,752.20.
But according to the terms of the April 22, 2002 declaratory judgment, the total *848 amount of attorneys’ fees for which the parties were making claims was $8,833,435.37, with Kozak having been declared entitled to the sum of $1,325,015.21, or fifteen percent, and M & M’s eighty-five percent share amounting to $7,508,420.16. Although M & M’s petition for supplemental relief claimed that portions of the total attorneys’ fees for which Kozak did not have a claim have been withdrawn from the Hibernia National Bank joint account — presumably by the written consent of the parties — -nothing establishes the amount that has been removed. Therefore, this record fails to establish that the order of disbursement in the sum of $6,570,752.20 is in conformity with the April 22, 2002 judgment. And while the November 14, 2002 judgment authorized disbursement of proportionate. | flamounts of interest to the sum each party is purportedly entitled to receive, imputed amounts lack evidentiary support.[3]
For all these reasons, we find that M & M failed to establish through evidence that it is entitled to the supplemental relief it requested. Accordingly, the trial court’s judgment is reversed.
ANSWER TO APPEAL
Because the trial court’s judgment is reversed, M & M is not entitled to damages for frivolous appeal. The relief requested in M & M’s answer is denied.
DECREE
The trial court’s judgment is reversed. Appeal costs are assessed against plaintiff-appellee, Mull & Mull (a Louisiana Partnership).
REVERSED. ANSWER TO APPEAL DENIED.

. Barham & Arceneaux v. Kozak, 2002-2325 (La.App. 1st Cir.3/12/04), 874 So.2d 228, fully sets out the factual and procedural history of this case.

. Kozak intervened in the lawsuits of the Hemophiliac/AIDS clients filed in the Nineteenth Judicial District Court and the Civil District Court for Orleans Parish, asserting entitlement to a portion of the awarded attorneys' fees. Pursuant to signed orders of those district courts, the claimed attorneys’ fees were permitted to be escrowed into the joint account at Hibernia National Bank.

. Two documents, presumably reflecting interest activity for the Hibernia National Bank joint account, were filed into the record before the hearing. Mindful that the date the Escrow Agreement was executed is not established by this record, we note that the documents indicate that total interest paid on the account for the year ending 2001 amounted to $114,049.64, and that the amount of interest paid on the account through September 30, 2002, was $102,429.84. Assuming these unsubstantiated documents duly reflect the amounts of interest paid from inception of the account, the record simply is devoid of evidence supporting an amount attributable to the period between September 30, 2002, and November 14, 2002. Calculating Kozak’s fifteen percent of $216,479.48, which is the total interest paid for 2001 through September 30, 2002, $32,471.93 would be his portion. But the difference between the April 22, 2002 allocation of fifteen percent (i.e., $1,367,121.61) and the amount awarded in the November 14, 2002 judgment is $42,106.40, leaving unaccounted the sum of $9,634.47. And while the unsubstantiated documents setting forth interest reflect the amount of $10,624.56 for the single month of September 2002, even if we were to impute that single month's earned interest to the remaining 45 days between September 30, 2002, and November 14, 2002, when the trial court signed this judgment, the proportionate share of fifteen percent for which Kozak is entitled amounts to $2,390.40. Thus, under the most relaxed standards, the difference between the sum allocated by the April 22, 2002 declaratory judgment and the amount the trial court authorized the Escrow Agent to disburse in the November 14, 2002 judgment fails to account for a minimum of $7,244.07. Furthermore, because M & M withdrew unspecified sums from the joint account, this court cannot calculate interest on the balance or mathematically ascertain the propriety of the authorization of disbursement of the sum of $6,570,752.20 to M & M. We are also unable to determine whether the sum of $6,438,431.02, stated in the November 14, 2002 judgment as the principal amount due to M & M from the joint account, for which the trial court also decreed M & M was entitled to recover legal interest from Kozak, accurately reflects the purported allocation stated in the April 22, 2002 declaratory judgment.