STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1195 c/w 05-1196


IRVING CEASAR, RONALD FOSTER, JERRY CORSEY

VERSUS

SHERIFF SIDNEY HEBERT, PARISH OF IBERIA, AND DEPUTY GLYNN
REAUX


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 100030
HONORABLE GERARD W. WATTIGNY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE
\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Mark M. Gonzalez**
**210 Baronne St., Ste. 1800**
**New Orleans, LA  70112**

**Temporary Address:**
**201 St. Charles Ave, #2556**
**New Orleans, LA  70170**
**Attorney for Plaintiff-Appellant:**
    **Jerry Wayne Corsey**

**Joseph L. Ferguson**
**P.O. Box 9804**
**New Iberia, LA  70562**
**Attorney for Defendants-Appellees:**
    **Sheriff Sid Hebert and Glynn Reaux**

PAINTER, Judge.

The Plaintiff, Jerry Corsey, appeals the trial court's judgment granting summary judgment in favor of Sid Hebert in his capacity as Sheriff of Iberia Parish and Glynn Reaux in his capacity as Deputy Sheriff. On appeal, he contests the trial court's rulings with regard to the applicability of La.R.S. 15:708. For the following reasons, we affirm.

FACTS

Corsey was a prisoner in the custody of Iberia Parish Sheriff Sid Hebert and was housed in the Iberia Parish Jail, when he volunteered to participate in a litter abatement program. In the course of this participation, he[1] was traveling in a vehicle driven by Deputy Glynn Reaux of the Iberia Parish Sheriff's Department and owned by the Iberia Parish Government ("the Parish"). While attempting to cross Louisiana Highway 90, the vehicle was involved in a collision with a vehicle operated by Beldon Hutchinson. The prisoners filed two suits which were consolidated at the trial level. The Iberia Parish Government and Sheriff Sid Hebert each filed a motion for summary judgment asserting that they were immune from liability for ordinary negligence under La.R.S. 15:708 and that no material issue of fact remained but that the injuries to the Plaintiffs were not the result of an intentional or grossly negligent act of the Parish or the Sheriff or his agent or employee. The trial court granted the motions. Corsey appeals the judgments in favor of the Sheriff and his Deputy.

---

[1] Also in the vehicle were Irving Ceasar, Ronald Foster, and Jason Viator.

1

*Constitutionality of La.R.S. 15:708*

Corsey first asserts that the trial court erred in failing to consider his plea of unconstitutionality. The minutes of the trial court state that the court found that the question of constitutionality was not in the pleadings, that the Attorney General was not served, and that, as a result, the issue was not properly before the court.

On appeal, Corsey argues that he raised the constitutionality of La.R.S. 15:708 in his memorandum in opposition to the summary judgment motions and that he had, two weeks before the hearing, requested service on the Attorney General and faxed a copy of the notice and memorandum to the Attorney General's office.

While the Attorney General must be served only where constitutionality is attacked in a declaratory judgment action, he should be given notice and an opportunity to be heard and to participate in all proceedings in which constitutionality is raised. However, constitutionality must, in all cases, be specially pled. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859.

> While there is no single procedure for assailing the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. *Reeder v. North*, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; *Williams v. State, Dept. of Health & Hospitals*, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; *Vallo v. Gayle Oil Co., Inc.*, 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. This court has articulated this burden as composed of three tiers: "First of all, the plea of unconstitutionality must first be made in the trial court. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized." *Williams*, 95-0713 at pp. 4-5, 671 So.2d at 902 (internal citations omitted). These procedural rules exist to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. *Vallo*, 94-1238 at p. 9, 646 So.2d at 865. This opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes reviewing courts with an

2

adequate record upon which to adjudge the constitutionality of the statute.

*Istre v. Meche*, 00-1316, p. 4 (La. 10/17/00), 770 So.2d 776, 779.

In the case before us, the unconstitutionality of La.R.S.15:708 was raised only in a memorandum in opposition to the Defendants' motions for summary judgment. It was not specially pled. Therefore, the court correctly concluded that the issue of the unconstitutionality of La.R.S. 15:708 was not properly before it. Therefore, we will not consider Corsey's arguments with regard to the unconstitutionality of La.R.S. 15:708(b).

*Prisoner Status*

Corsey next asserts that the trial court erred in applying La.R.S. 15:708 to him because he was not a prisoner at the time suit was filed. Louisiana Revised Statutes 15:708 provides, in pertinent part, that:

> A prisoner, who participates in a litter abatement or collection program pursuant to this Paragraph, shall have no cause of action for damages against the sheriff conducting the program or supervising his participation therein, nor against any employee or agent of such sheriff, for any injury or loss suffered by him during or arising out of his participation in the program, if such injury or loss is a direct result of the lack of supervision or act or omission of the sheriff or his employee or agent, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or his employee or agent. The sheriff shall not be liable for any injury caused by the prisoner, unless the gross negligence or intentional act of the sheriff or his employee or agent was a substantial factor in causing the injury. No provision hereof shall negate the requirement to provide a prisoner with necessary medical treatment as statutorily required.

We find no merit in Corsey's argument in this regard. Corsey's injury occurred while he was a prisoner. His injury arose out of participation in the litter abatement program, and the fact that he has since been released does not affect the immunity

3

afforded by La.R.S. 15:708 for injuries arising out of a prisoner's participation in a litter abatement program. Normally, a cause of action arises when an injury occurs. *Quick v. Murphy Oil Co.*, 446 So.2d 775 (La.App. 4 Cir.1982), *writs denied*, 447 So.2d 1074 (La.1984). However, in this case, at the time the cause of action would have arisen, Corsey was a prisoner. Therefore, the provisions of La.R.S. 15:708 prevented accrual of a cause of action arising out of Corsey's participation in the litter abatement program.

*Medical Treatment*

Finally, Corsey cites the provision of La.R.S.15:708(b) which states that: "No provision hereof shall negate the requirement to provide a prisoner with necessary medical treatment as statutorily required." He argues that, under this provision, he must be provided with medical treatment even though he is no longer incarcerated.

The admonition with regard to medical treatment set out in La.R.S. 15:708 does not arise out of the injury contemplated by the statute but rather out of the government's general obligation to provide reasonable medical care for those over whom it has custody due to incarceration. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976); *Elsey v. Sheriff of Parish of East Baton Rouge*, 435 So.2d 1104 (La.App. 1 Cir.), *writ denied*, 440 So.2d 762 (La.1983). Our reading of the statute convinces us that the purpose of the provision of La.R.S. 15:708 with regard to medical treatment is to alert the correctional facility that the obligation to provide medical treatment cannot be circumvented by the application of this statute's immunity from suit as provided by this statute. Prisoners must be provided reasonable medical treatment as needed while incarcerated regardless of the origin of the injury or condition requiring care. We find nothing in La.R.S. 15:708 which would extend this

4

obligation beyond the period of incarceration because of injuries covered by the statute.

*Summary Judgment*

The minutes of the trial court reflect that, after hearing arguments with regard to the motions for summary judgment, the court ruled, with regard to the Sheriff and his Deputy, that there was: "[N]o proof or material question of fact that they were guilty of any gross negligence and so the motion for summary judgment is granted at plaintiff's costs." Although Corsey has not addressed the propriety of the summary judgment except as to the applicability of La.R.S. 15:708, we will review the trial court's decision out of an abundance of caution.

> The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, (La.2/20/04), 866 So.2d 228; *Hardy v. Bowie*, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610.

> Our review of a grant or denial of a motion for summary judgment is *de novo*. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342, 345 (La.1991). Thus, this court uses the same criteria as the trial court in determining whether summary judgment is appropriate--whether there is a genuine issue of material fact and whether mover is entitled to judgment as a matter of law. In *Smith v. Our [Lady] of the Lake Hospital, Inc.*, 93-25121 (La.7/5/94), 639 So.2d 730, 750, this court recognized that a "genuine issue" is a "triable issue." The court continued: "An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue." The court further explained that a "fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id.*

*Jones v. Estate of Santiago*, 03-1424, pp. 5-6 (La. 4/14/04), 870 So.2d 1002, 1006 (footnote omitted).

5

Therefore, in order to show that the Defendants are entitled to the immunity afforded by La.R.S. 15:708, they had to show that Corsey was a prisoner sentenced to a parish prison of any parish of the state, that he consented of his own free will to participate in the workday release program, and that he remained in the custody and control of the Sheriff. Corsey does not contest any of these elements, and they are established by his deposition testimony. In that deposition, he admits that he was serving a forty day sentence in the Iberia Parish Jail as a result of a conviction for simple battery. He further testified that he volunteered to participate in the workday release program and that he was at all times supervised by a Sheriff's Deputy.

Accordingly, the burden shifted to Corsey to show that a question of fact remains as to whether the accident resulted from gross negligence or an intentional act. There is nothing of record which would suggest that Deputy Reaux acted intentionally. Further, we note that Corsey has not claimed that the accident was caused by any intentional act. Therefore, we must determine if Corsey has established that a question of fact remains as to gross negligence. "Gross negligence has been defined by this court as 'the want of even slight care and diligence. It is the want of that diligence which even careless men are accustomed to exercise.' *State v. Vinzant*, 200 La. 301, 7 So.2d 917 (1942)." *Richard v. Miller*, 03-1448, p. 4 (La.App. 3 Cir. 3/3/04), 867 So.2d 983, 986 (quoting *Leonard v. Dilley*, 01-1522, pp. 6-7 (La. 1/15/02), 805 So.2d 175, 180).

The deposition testimony offered in support of the Defendants' motions for summary judgment show that the four prisoners were in a truck driven by Deputy Reaux on the way to dump a trailer load of debris which they had picked up in the course of their workday release duties. They were crossing Louisiana Highway 90

6

and had crossed two lanes of traffic. Ceasar and Foster testified that they saw the oncoming Chevrolet Suburban, but Corsey stated that he did not. Corsey stated that Deputy Reaux stopped in the intersection then proceeded into the lanes of traffic. Foster testified that Deputy Reaux tried to swerve but was unable to avoid the accident. Ceasar stated that Deputy Reaux did not stop at the median but admitted that in his answers interrogatories he had stated that as Deputy Reaux stepped on the gas to cross the second two lanes of traffic, the engine sputtered as though it were going to die causing them to be too slow to miss the oncoming vehicle.

We find nothing in this testimony which suggests that Deputy Reaux failed to exercise even "that diligence which even careless men are accustomed to exercise." *Id.* Therefore, we find that the trial court correctly concluded that no issue of material fact remained in this regard. Accordingly, summary judgment was correctly granted.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, Jerry Corsey.

AFFIRMED.

7