NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1049

IN RE:

ANGELA MARIE COSTANZA AND

CHASITY SHANELLE BREWER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20133539
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.


AFFIRMED, IN PART. REVERSED, INPART, AND REMANDED.

Peters, J., concurs in part, dissents in part, and assigns written reasons.

Pickett, J., concurs in part and dissents in part for the reasons assigned by Judge Peters.

**Hon. James David Caldwell**
**Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6200**
**COUNSEL FOR APPELLEE:**
    **Louisiana Attorney Generals Office**

**Paul R. Baier**
**Attorney at Law**
**4222 Hyacinth Ave.**
**Baton Rouge, LA 70808**
**(225) 364-4647**
**COUNSEL FOR APPELLANT:**
    **Angela Marie Costanza**
    **Chasity Shanelle Brewer**

**Stuart Kyle Duncan**
**Special Asst. Atty. General**
**1629 K Street NW, #300**
**Washington, DC 20006**
**(202) 508-1473**
**COUNSEL FOR APPELLEE:**
    **Louisiana Attorney Generals Office**

**Joshua S. Guillory**
**Attorney at Law**
**317 E. University Ave.**
**Lafayette, LA 70503**
**(337) 233-1303**
**COUNSEL FOR APPELLANT:**
    **Angela Marie Costanza**
    **Chasity Shanelle Brewer**

**Jessica MP Thornhill**
**Asst. Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6060**
**COUNSEL FOR APPELLEE:**
    **Louisiana Attorney Generals Office**

**SAUNDERS, Judge.**

This is a case dealing with whether the trial court erred as a matter of law in dismissing an action on its own motion under La.Code Civ.P. art. 927(B) based on the failure of the petition filed to disclose a cause of action upon which relief could be granted. We find that the petition can be amended to state a cause of action. Thus, under La.Code Civ.P. art. 934, the trial court erred as a matter of law. However, we find that the trial court was correct to dismiss the Lafayette Parish Clerk of Court from the matter. Accordingly, we affirm in part, reverse in part, and remand the case with instructions for the trial court to allow amendment of the petition.

## FACTS AND PROCEDURAL HISTORY:

On July 12, 2013, Angela Costanza and Chasity Brewer (the appellants) filed a petition to make a foreign decree executory and for declaratory relief. In that petition, the appellants prayed that their certificate of marriage issued to them in the State of California be given full faith and credit, be made final and enforceable, and be made executory. Additionally, they prayed for an order declaring any Louisiana law denying the recognition and full faith and credit of a valid marriage between persons of the same sex to be invalid, unenforceable, and unconstitutional. Finally, they prayed for an order that the appropriate state agencies, including the Clerk of Court for Lafayette Parish, to facilitate the recognition of the marriage between them.

On July 26, 2013, under La.Code of Civ.P. art. 927(B), the trial court, on its own motion based, signed a judgment of dismissal for the failure of the appellants' petition to disclose a cause of action upon which relief could be granted. The appellants appealed to this court.

## DISCUSSION OF THE MERITS:

Appellants assert that the trial court erred in dismissing their petition for failure to disclose a cause of action without allowing them leave to amend their petition to state a basis for their claims. We agree and disagree, in part.

> The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. La. C.C.P. arts. 681 and 927; *Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al.*, 616 So.2d 1234, 1235 (La.1993). All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. La. C.C.P. art. 865; *Kuebler v. Martin*, 578 So.2d 113, 114 (La.1991). The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Ramey v. DeCaire*, 09-299, p. 7 (La.3/19/04), 869 So.2d 114, 119.
>
> The sufficiency of a petition subject of an exception of no cause of action is a question of law. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349. [A] de novo standard is applied to the review of legal questions, wherein [the reviewing] Court renders a judgment based on the record without deference to the legal conclusions of the lower courts. *Cleco Evangeline, LLC v. Louisiana Tax Commission*, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353.

*Foti v. Holliday*, 09-93, pp. 5-6 (La. 10/30/09), 27 So.3d 813, 817.

The trial court dismissed the appellants action based on La.Code Civ.P. art. 927(B) which states:

> The court may not supply the objection of prescription, which shall be specially pleaded. The nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion.

The appellants invoke La.Code of Civ.P. art. 934 for their position that the trial court erred as a matter of law by failing to allow them leave to amend their petition to correct its insufficiencies. Louisiana Code of Civil Procedure Article 934 states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the

2

judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

In the case before us, the appellants filed a petition and attached a certificate of marriage issued to them by the State of California. In their petition, appellants state that the certificate of marriage was valid and lawfully rendered at issuance and continues to be valid. Thereafter, they request a declaratory judgment stating that their certificate of marriage be given full faith and credit by the State of Louisiana. Further, they ask that the court issue a judgment that any law in the State of Louisiana that denies full faith and credit to their certificate of marriage be declared unconstitutional. Next, they ask the court for an order declaring any law in the State of Louisiana that denies recognition and/or full faith and credit of a valid marriage between persons of the same sex to be unconstitutional. Finally, they ask the court to order state agencies, including the Clerk of Court of Lafayette, to recognize the marriage between them.

We affirm the trial court's grant of the peremptory exception as to the Clerk of Court for Lafayette Parish. Article V Section 28(A) lists the powers and duties of Clerks of Court. It states that a Clerk of Court is the "ex officio notary public and parish recorder of conveyances, mortgages, and other acts and shall have other duties and powers provided by law." Although part of the judicial branch of government in Louisiana, a Clerk of Court is merely the recorder of an act of marriage and does not have the power under Louisiana law "to facilitate the recognition" of any marriage of any kind as requested in the Appellant's petition. Therefore, "the grounds of the objection raised through the exception cannot be so removed" under La.Code Civ. P. art. 934, and to remand this case on this issue

3

would be useless and vain. *Thompson v. Harrington*, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652.

Notwithstanding the preceding concerning the Clerk of Court of Lafayette Parish and the fact that the petition fails to state why their certificate of marriage is in need of such declarations, the reason is clear. The appellants' petition, via its requests, challenges the constitutionality of Louisiana law pertaining to same sex marriage.

> The standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial. Rather, it is whether, on the face of the petition, accepting as true all its allegations, and with every doubt resolved in the plaintiffs' behalf, the petition states any valid cause of action for relief.

*Doe v. Smith*, 05-653, p. 2 (La.App. 4 Cir. 7/13/05), 913 So.2d 140, 141 (*citing Copeland v. Treasure Chest Casino*, 2001-1122, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 70.)

The Louisiana Supreme Court, in *Istre v. Meche*, 00-1316, p. 4 (La. 10/17/00), 770 So.2d 776, 779 (parenthetical in original), discussed the proper way to raise a constitutional challenge to Louisiana law by stating:

> While there is no single procedure for assailing the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. *Reeder v. North*, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; *Williams v. State, Dept. of Health & Hospitals*, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; *Vallo v. Gayle Oil Co., Inc.*, 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. This court has articulated this burden as composed of three tiers: "First of all, the plea of unconstitutionality must first be made in the trial court. Next, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized." *Williams*, 95-0713 at pp. 4-5, 671 So.2d at 902 (internal citations omitted). These procedural rules exist to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. *Vallo*, 94-1238 at p. 9, 646 So.2d at 865. This opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes

4

reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute.

Given our supreme court's outline in *Istre*, we find that the appellants can amend their petition to disclose a cause of action. They can specify what Louisiana law they wish to challenge, the basis for that challenge, and request service on interested parties so that a complete record with thoughtful and complete arguments can be produced.[1] As such, allowance of the appellants to amend their petition is not vain, useless, or futile. However, history has shown that it is a vain, useless, and futile act to disallow our citizens access to the courts via procedural devices so as to delay adjudication of controversial issues. Accordingly, we reverse the dismissal of the appellants' action and remand the matter to the trial court with instructions to allow the appellants leave to amend their petition to correct any insufficiencies.

We note two other relevant factors to consider in adjudicating this case are potential res judicata ramifications and judicial efficiency. The trial court's dismissal occurred prior to reaching the merits of the case and was silent on prejudice, thus, it was without prejudice. *State ex re. Dept. of Soc. Serv. v. A.P.*, 02-2372 (La.App. 1 Cir. 6/20/03), 858 So.2d 498 (*citing Simmons v. Dixon*, 306 So.2d 67 (La.App. 1 Cir.1974). However, with the ever broadening expanse of res judicata, we find that reversal of the trial court's judgment and remand of the case to allow the appellants to amend their petition was in greater furtherance of the ever present judicial goal of granting the people access to our courts. Moreover, we find it more judicially efficient to reverse and remand the case rather than to

---

[1] In brief, the appellants contend that they intend to serve the Attorney General. We note that compliance with La.R.S. 49:257(B) and La.R.S. 13:4448 is necessary on remand even though the Attorney General, while not a named party, filed briefs in the instant matter.

5

uphold the trial court's dismissal simply to force the appellants to file a more sufficient petition in their subsequent action.

## CONCLUSION:

The action of Angela Costanza and Chasity Brewer was dismissed by the trial court on its own motion for failure to disclose a cause of action. Their request for leave to amend their petition was denied by the trial court.

Costanza and Brewer appeal and request reversal of the trial court's dismissal and remand of the case so that they can amend their petition. Under La.Code. Civ.P. art. 934, we affirm the trial court's judgment dismissal of the Clerk of Court of Lafayette Parish, as the grounds for the objection cannot be removed. However, we reverse the remainder of the trial court's judgment and find that it erred as a matter of law in disallowing Costanza and Brewer leave to amend their petition in the remaining respects. We remand the case with instructions to the trial court to grant Costanza and Brewer leave to amend their petition for it to disclose a cause of action.

**AFFIRMED, IN PART. REVERSED, IN PART, AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules-Courts of Appeal, Rule 2-16.3.

IN RE:

ANGELA MARIE COSTANZA AND

CHASITY SHANELLE BREWER

**PETERS, J., concurs in part and dissents in part.**

The majority reaches the correct conclusion in affirming the trial court's grant of the peremptory exception of no cause of action. However, I respectfully disagree with the remand to allow Ms. Costanza and Ms. Brewer the opportunity to attempt to amend their filing to state a cause of action. I find that the filing is so defective that it cannot be amended and that the litigants should be required to start over and comply with the very basic requirements of the Louisiana Code of Civil Procedure.

In the majority opinion, this court states that Ms. Costanza and Ms. Brewer "filed a *petition* to make a foreign decree executory and for declaratory relief" (emphasis added) and that they prayed for full faith and credit recognition of a California decree of marriage; for an order declaring any Louisiana law denying the recognition and full faith and credit of a valid marriage between persons of the same sex to be invalid, unenforceable, and unconstitutional; and for an order that the appropriate state agencies, including the Clerk of Court for Lafayette Parish, take all measures necessary to facilitate the recognition of the marriage between them. Nothing in this filing qualifies it as a "petition."

Louisiana Code of Civil Procedure Article 421 provides that "[a] civil action is a demand for the enforcement of a legal right" and that "[i]t is commenced by the filing of a pleading presenting the demand to a court of competent

jurisdiction." The legal right addressed by the filing of Ms. Costanza and Ms. Brewer purports to be a personal action which seeks to enforce an obligation against an obligor. La.Code Civ.P. art. 422. The pleading which purports to make the demand for the enforcement of a personal legal right, must be in the form of a petition which meets the criteria of La.Code Civ.P. art. 891(A) (emphasis added), which states:

> The petition *shall* comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It *shall* set forth the name, surname, and domicile of the parties; *shall* contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; *shall* designate an address, not a post office box, for receipt of service of all items involving the litigation; and *shall* conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

One of the requirements set forth in La.Code Civ.P. art. 853 is that the caption of the petition "state the name of the first party on each side with an appropriate indication of other parties." Additionally, La.Code Civ.P. art. 854 provides, in pertinent part, that "[a]ll allegations of fact of the petition . . . shall be simple, concise, and direct, and shall be set forth in numbered paragraphs[]" and that "[a]s far as practicable, the contents of each paragraph shall be limited to a single set of circumstances." Finally, La.Code Civ.P. art. 863(A) requires the party or attorney for the party to sign the petition. By doing so, the party or attorney whose signature is affixed makes specific certifications concerning the content of the petition as found in La.Code Civ.P. art. 863(B). Failure to sign the pleading shall cause it to be stricken. La.Code Civ.P. art. 863(C). A certification in violation of this article may subject the litigant and his or her attorney to sanctions imposed by the court. La.Code Civ.P. art. 863(D)-(G).

2

The filing of Ms. Costanza and Ms. Brewer constitutes five numbered paragraphs and a prayer for relief. The original caption is the same as the one before us on appeal. It does not set forth the name of the first party on either side of the litigation. In fact, it does not set forth the name of any defendant. In the first two numbered paragraphs, while the filing does set forth some particulars of the relationship between Ms. Costanza and Ms. Brewer, it does not set forth any specific incident where they claim to have been denied rights based on their relationship by any party. In fact, nowhere in the filing do Ms. Costanza and Ms. Brewer name any entity as a party defendant in the litigation.

Still, Ms. Costanza and Ms. Brewer do caption their filing as a **Petition to Make Foreign Decree Executory and Declaratory Relief**. In doing so, they requested that the trial court order a nonparty, the Clerk of Court of the Fifteenth Judicial District Court, to make their California certificate of marriage "executory in this Parish and State." At oral argument before the five-judge panel, counsel for Ms. Costanza and Ms. Brewer acknowledged the they have no cause of action against the clerk of court and abandoned any argument objecting to the grant of the peremptory exception of no cause of action dismissing the request that the marriage license be made executory in this state. They were correct in abandoning that argument.

The argument itself is in the form of a mandamus action. Louisiana Code of Civil Procedure Article 3863 (emphasis added) provides in pertinent part that "[a] writ of mandamus may be directed to a public official *to compel the performance of a ministerial duty required by law*[.]" There exists no ministerial duty under Louisiana law for a clerk of court to record and make executory a marriage license of another state. The marriage license scheme in Louisiana merely requires that

3

the local clerk of court file (not record) the marriage licenses it issues in its office after they are executed and returned. La.R.S. 9:252(A), (B). The local clerk of court then provides the Bureau of Vital Statistics in New Orleans, Louisiana (the actual state depository for a marriage license) with the license. La.R.S. 9:252(C); La.R.S. 40:33(D); La.R.S. 40:36. Even with regard to the Bureau of Vital Statistics record keeping, the stated reason for the preservation of issued marriage licenses, along with records of birth, death, fetal death, divorce, dissolution of marriage, or annulment, is for the provision of "reports containing analysis and tabulation data derived from certificates and reports required under this Chapter, as determined necessary for health planning and program activities." La.R.S. 40:32(18); La.R.S. 40:36(C).

With the mandamus request no longer an issue in the filing, we are left with a request for declaratory relief. Specifically, Ms. Costanza and Ms. Brewer requested that the trial court "issue an order declaring any statute, administrative rule, jurisprudence, or any other source of law in and for the State of Louisiana that denies the recognition and/or full faith and credit of a valid marriage between persons of the same sex be invalid, unenforceable and unconstitutional." Again, they do so without naming any defendant against whom they intend to proceed although the obvious party at interest is the State of Louisiana.

While there are certainly laws in Louisiana which can be made subject to constitutional attack based on the issues presented by Ms. Costanza and Ms. Brewer, the appropriate state agency/official must be named to defend those laws. Additionally, the correct procedural vehicle must be used. "The function of the declaratory judgment is simply to establish the rights of parties or to express the opinion of the court on [a] question of law without ordering anything to be done."

4

*Mull & Mull v. Kozak*, 03-668, p. 5 (La.App. 1 Cir. 6/25/04), 878 So.2d 843, 846, *writ denied*, 04-2332 (La. 12/17/04), 888 So.2d 866. Pursuant to La.Code Civ.P. art. 1876, "[t]he court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding." Because a declaratory judgment would not have terminated the controversy raised by Ms. Costanza and Ms. Brewer, the trial court was well within its discretion in refusing to move forward with the filing before it.

I do recognize that La.Code Civ.P. art. 934 (emphasis added) provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of *the petition*, the judgment sustaining the exception shall order such amendment[.]" However, the filing before us cannot be characterized as a petition by any stretch of the imagination. To even start to state a cause of action, Ms. Costanza and Ms. Brewer would have to change the caption completely, delete any reference to the claims against the clerk of court and, after making these basic changes, would have to add multiple paragraphs adding multiple defendants. In other words, I would find no error in the trial court refusal to allow Ms. Costanza and Ms. Brewer to amend their filing. I would affirm.

5