SANDERS, Chief Justice.
Central Louisiana Electric Company, Inc. (CLECO) sought judicial review of the Louisiana Public Service Commission’s order requiring it to dismantle its facilities supplying electricity to an area known as “Gar-an’s,” located within the present corporate limits of Many, Louisiana. The district court set aside the Commission’s order and dismissed Valley Electric Membership Corporation’s intervention. Valley, the inter-venor, has now appealed.
CLECO has a non-exclusive franchise for supplying electricity in the Town of Many by ordinance adopted January 8,1963. Valley, which also supplies electricity, has no municipal franchise. The area in dispute was annexed to the Town of Many after CLECO received its franchise. However, Valley concedes that the franchise extends to the annexed area.
The Town of Many specifically restricted Valley from expanding its services within the municipal limits by resolution dated March 14,1967. Minutes of the town council show that the resolution’s purpose was to avoid duplication of services by CLECO and Valley.
Early in 1974, the owners of the Garan tract contracted with CLECO for electricity. CLECO’s nearest electric line is approximately 829 feet from the property; however, Valley has a line within 300 feet of the property. Relying upon LSA-R.S. 45:123, Valley petitioned the Louisiana Public Service Commission to prohibit CLECO from supplying the service to Garan’s alleging that Valley was the proper supplier since it had an existing line within 300 feet of the property. CLECO intervened, contending that it had the right to supply Garan’s by virtue of its franchise from the Town of Many. By Order No. U-12522, the Commission granted Valley’s petition and ordered CLECO to dismantle its Garan facilities, stating:
“The Commission is of the opinion that Valley Electric Membership Corporation has had existing lines and facilities surrounding the proposed location, and in view of the increasing cost of utility service it is far more economical and feasible for Valley Electric Membership Corporation to serve the customers than Central Louisiana Electric Company.”
The question posed here is whether or not LSA-R.S. 45:123 grants Valley the right to serve a new customer within the corporate limits of the Town of Many, though it holds no municipal franchise.
The authority of municipalities to grant non-exclusive franchises hks long been recognized. See LSA-Const. Art. 13, § 7 (1921); LSA-R.S. 33:361; LSA-R.S. 33:401, subd. A(11), (12); LSA-R.S. 33:4401. The municipal franchise in the present case was granted under the authority of LSA-R.S. 33:4401 in 1963. However, all rights created by it are continued by the Louisiana Constitution of 1974. LSA-Const. Art. 6, § 7; Art. 14, §§ 26, 35.
LSA-R.S. 45:123 provides generally that when an electric public utility has a line within 300 feet of a new customer’s point of connection, that utility is entitled to serve the customer to the exclusion of a competitor whose lines are more distant.[1]
*1048 Valley contends that LSA-R.S. 45:123 applies to the present case, since the point of connection is admittedly within 300 feet of its line, requiring affirmance of the Commission’s order. CLECO asserts that the statute is inapplicable, since it holds a municipal franchise to supply electricity in the disputed area. CLECO relies upon the last paragraph of LSA-R.S. 45:123, which stipulates:
“The provisions of this section shall not apply to municipally-owned or operated utilities of the State of Louisiana or to the parish of Orleans. Nothing in R.S. 45:121, 45:123, 45:1161, 45:1175 or R.S. 12:426 shall alter the rights or authority of municipalities with respect to franchises.” (Italics ours.)
The cited paragraph has not previously been interpreted by this Court. In our opinion, however, the provision is clear. It means that the Commission is without authority to require adherence to LSA-R.S. 45:123, in allocating new customers, when a municipality has granted a franchise covering the area in dispute.
The Legislature obviously favored the municipal franchise system over the arbitrary line-distance rule of the statute.
This conclusion requires us to treat Valley’s alternative argument that the franchise provision is unconstitutional. Valley argues that the provision must yield to the constitutional authority granted to the Louisiana Public Service Commission to regulate public utilities.
The Louisiana Public Service Commission acted upon the present case in 1974. Hence, at the time of its decree, its constitutional powers were set forth in Article 6, § 4 of the Louisiana Constitution of 1921. The constitutional section gave the Louisiana Public Service Commission general authority to regulate electric utilities, but it also authorized the Legislature to place other public utilities under the control of the
Commission and to confer other powers upon it.
By Act 34 of 1970, the Legislature expressly placed electric cooperatives under the jurisdiction of the Commission. See LSA-R.S. 45:121; LSA-R.S. 12:426. In amending LSA-R.S. 45:123, the act also established a line-distance rule for allocating customer service between competing utilities to avoid a duplication of facilities. See South Louisiana Electric Cooperative Assn. v. Louisiana Public Service Commission, La., 309 So.2d 287 (1975). The same act also contained the reservation that nothing in the act that is in the several statutory sections it amended, shall alter the rights or authority of municipalities with respect to their franchises.
Under Article 6, § 4 of the Louisiana Constitution of 1921, the Legislature had the authority to enact the franchise reservation. Article 4, Section 21 of the Louisiana Constitution of 1974 made no change in this respect. Under well-established principles of constitutional interpretation, the Legislature has plenary authority to enact any legislation not prohibited by the constitution. See Hainkel v. Henry, La., 313 So.2d 577 (1975); 36 La.L.Rev. 533. We find no constitutional limitation applicable here.
Valley cites our decision in City of Plaquemine v. Louisiana Public Service Commission, La., 282 So.2d 440 (1973). That decision is inapposite. It held only that the Louisiana Public Service Commission had jurisdiction to regulate the rates of an intrastate pipeline company selling natural gas to a city that operated its own distributing system.
We conclude that the statute is constitutional.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed against Valley Electric Membership Corporation.

. “No electric public utility shall construct or extend its facilities, or furnish, or offer to furnish electric service to any point of connection which at the time of the proposed construction, extension, or service is being served by, or which is not being served but is located within 300 feet of an electric line of another electric public utility, except with the consent in writing of such other electric public utility; provided, however, that nothing contained herein shall preclude (a) any electric public utility from extending service to an applicant for service at an unserved point of connection located within 300 feet of an existing electric line of such electric public utility, unless (i) such line was not in operation on April 1, 1970 and (ii) the point of connection is located within 300 feet of an existing electric line, of another electric public utility, which line was in operation on said date, or (b) any electric public utility from extending service to its own property, or to another electric public utility for resale; and provided further that any consumer who feels aggrieved with the electric service being received by him may apply to the Louisiana Public Service Commission for an order directed to *1048 his present supplier to show cause why the consumer should not be released from said supplier, and if the commission shall find that the service rendered to such consumer is inadequate and will not be rendered adequate within a reasonable time the release shall be granted.“ * * * ”