970 So.2d 1057 (2007)
David DECULUS, Clara Deculus, Della Neely and Nancy Salemi
v.
Doug WELBORN, Clerk of Court for East Baton Rouge Parish and Candidate Cleo Fields.
No. 2007 CE 1836.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
*1058 Frank P. Simoneaux, Gray Sexton, Dayne Freeman, Donald C. Hodge, Jr., Baton Rouge, Counsel for Plaintiffs/Appellants, *1059 David Deculus, Clara Deculus, Della Neely, and Nancy Salemi.
Brace B. Godfrey, Jr., Lewis O. Unglesby, Baton Rouge, Counsel for Defendant/Appellee, Cleo Fields.
Sheri Morris, Baton Rouge, Counsel for Defendant/Appellee, Doug Welborn, Clerk of Court, EBRP.
Before: CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, McDONALD, McCLENDON, HUGHES, and WELCH, JJ.
PER CURIAM.
This is an election suit challenging the eligibility of defendant, Senator Cleo Fields, as a candidate for the office of Senator for Senate District 14 in the election to be held on October 20, 2007.[1]

FACTS AND PROCEDURAL HISTORY
The facts of this case are fairly simple and not in dispute. On January 8, 1996, the four-year term of office for Senate District 14 began. The senator who began that term resigned, and on December 13, 1997, Senator Fields was elected to fill the vacancy. The Secretary of State promulgated the election results on December 18, 1997.
On December 23, 1997, Senator Fields timely took the oath of office mandated by LSA-Const. art. X, § 30. See LSA-Const. art. III, § 5(B). Upon taking the oath of office, Senator Fields began receiving state funds for items such as his salary, per diem, and medical health benefits. On March 23, 1998, on the first day of the First Extraordinary Session of the 1998 Legislature, Senator Fields took a second oath of office, again reciting the text specified in LSA-Const. art. X, § 30.
Senator Fields was subsequently elected to serve second and third consecutive four-year terms as Senator for Senate District 14. The election for the second term was held on October 23, 1999; the election for the third term was held on October 4, 2003.
Senator Fields filed a notice of candidacy with the Clerk of Court for the Parish of East Baton Rouge stating his intention to run a fourth time for the office of Senator for Louisiana Senate District 14 in the primary election to be held on October 20, 2007.
On September 10, 2007, David Deculus, Clara Deculus, Della Neely, and Nancy Salemi filed a petition objecting to Senator Fields's candidacy.[2] In response, Senator Fields filed a declinatory exception raising the objection of lack of subject matter jurisdiction, a peremptory exception raising the objection of no cause of action, and a motion for summary judgment.
The district court held an expedited trial of this matter as required by the Louisiana Election Code. See LSA-R.S. 18:1406 C; LSA-R.S. 18:1409 A. On September 14, 2007, at 12:15 p.m., the district court judge signed a judgment finding it had subject matter jurisdiction, overruling the peremptory exception raising the objection of no cause of action, denying the motion for summary judgment, and dismissing the plaintiffs' petition objecting to the candidacy of Senator Fields.[3] This expedited appeal follows. See LSA-R.S. 18:1409 F.

*1060 DISCUSSION

Subject Matter Jurisdiction
Before addressing the merits of this appeal, we must first decide the question of whether the district court had subject matter jurisdiction over the plaintiffs' petition challenging the candidacy of Senator Fields. Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it, and the issue may be raised at any time and at any stage of an action. McPherson v. Foster, 03-2696 (La.App. 1 Cir. 10/29/04), 889 So.2d 282, 288.
Senator Fields maintains that under LSA-Const. art. III, § 7(A),[4] the legislature has the exclusive constitutional authority to judge the "qualifications and elections of its members." The legislature's authority under LSA-Const. art. III, § 7(A) to judge the "qualifications and elections of its members" occurs after an individual has been elected to a legislative position, after the individual has become a member of the legislative body. To conclude otherwise would make the disciplinary remedies provided for therein punishment for disorderly conduct or contempt, or expulsion  nonsensical.
Louisiana Constitution article III, section 7(A) has no bearing on the district court's authority to adjudicate the plaintiffs' challenge to Senator Fields's qualifications as a candidate in the October 20, 2007, election for the office of Senator of Senate District 14, pursuant to LSA-R.S. 18:492. District courts have original jurisdiction over disputes regarding the "right to office or other public position." LSA-Const. art. V, § 16(A). District courts "shall have exclusive original jurisdiction of actions objecting to candidacy." LSA-R.S.18:1403.
The district court had subject matter jurisdiction over this Election Code challenge to candidacy, and the appeal to this court is proper pursuant to LSA-R.S. 18:1409 and LSA-Const. art. V, § 10 A.
Objection to Candidacy
We turn now to the issue of whether Senator Cleo Fields is prohibited by law from becoming a candidate in the October 20, 2007, election for Senator of Louisiana Senate District 14. See LSA-R.S. 18:492 A(4).
As the facts of this case are not in dispute, this court is faced with the resolution of a purely legal issue. On legal issues, an appellate court gives no special weight to the findings of the trial court but, instead, exercises its constitutional duty to review questions of law and render a judgment on the record. City of Baker School Bd. v. East Baton Rouge Parish *1061 School Bd., 99-2505 (La.App. 1 Cir. 2/18/00), 754 So.2d 291, 292-93. Appellate review of questions of law is simply to determine whether the trial court was legally correct. LaCombe v. McKeithen, 04-1880 (La.App. 1 Cir. 8/30/04), 887 So.2d 48, 51, writ denied, 04-2240 (La.9/2/04), 882 So.2d 588.
Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535, 541. In determining whether the person objecting to candidacy has carried his burden of proof, courts must liberally construe the laws governing the conduct of elections so as to promote rather than defeat candidacy. Landiak, 899 So.2d at 541. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Landiak, 899 So.2d at 541.
Plaintiffs maintain that Senator Fields is prohibited from running for this fourth consecutive term under the clear language of LSA-Const. art. III, § 4(E), which was adopted by Louisiana voters on October 21, 1995, and which provides in pertinent part:
No person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the Senate for the succeeding term.
(Emphasis supplied.)
Legislative terms are four years. See LSA-Const. art. III, § 4(C). A vacancy in the legislature shall be filled for the remainder of the term by election. LSA-Const. art. III, § 4(D). "A person elected to fill the remainder of an unexpired term shall take office within thirty days after the secretary of state promulgates the election returns." LSA-Const. art. III, § 5(B). All public officers are required to take and subscribe to the oath required by LSA-Const. art. X, § 30 before "acting" in their respective offices. LSA-R.S. 42:161. In the event an elected official fails "to take office for any reason[,]" a vacancy "shall occur" in that office. LSA-Const. art. X, § 28.
The four-year term of office to which Senator Fields was first elected in 1997 began on January 8, 1996; the halfway point of that term was January 9, 1998. Senator Fields was elected on December 13, 1997, and the Secretary of State promulgated the election returns on December 18, 1997. Senator Fields took his first official oath of office on December 23, 1997, within thirty days of his election as Senator of Senate District 14, thereby receiving full authority to act in his official capacity. All of these events occurred prior to the halfway point of the first four-year term to which he was elected.
Senator Fields offers that LSA-R.S. 18:601 B, enacted by 2006 La. Acts No. 403, § 1, clarifies when the term of office begins for a legislator elected to fill an unexpired legislative term. Specifically, Louisiana Revised Statutes 18:601 B provides:
For purposes of Article III, Section 4(E) of the Constitution of Louisiana only, the service of a person who is elected to fill an unexpired term in the office of state legislator shall begin at the time such person takes the oath of office before his house of the legislature.
Senator Fields maintains that, under the express terms of LSA-R.S. 18:601 B, his first term of office did not begin until he took the second oath of office before his legislative peers on March 23, 1998 (after *1062 the halfway point of the first four-year term). Senator Fields offers that LSA-R.S. 18:601 B makes the administration of the oath for those elected to fill an unexpired term similar to the administration of the oath for those members of the legislature elected to serve full four-year terms. See LSA-Const. art. III, § 2(D).
Plaintiffs maintain that construing LSA-18:601 B as Senator Fields suggests would be contrary to the clear language of LSA-Const. art. III, § 4(E), as well as LSA-Const. art. III, § 5(B).
The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield. Macon v. Costa, 437 So.2d 806, 810 (La.1983). Our state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people, exercised through the legislature. World Trade Center Taxing Dist. v. All Taxpayers, Property Owners, 05-0374 (La.6/29/05), 908 So.2d 623, 632. In the exercise of the legislative power of the state, the legislature may enact any legislation that the state constitution does not prohibit. Board of Directors of Indus. Development Bd. of City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of City of Gonzales, 05-2298 (La.9/6/06), 938 So.2d 11, 20. When evaluating the constitutionality of a statute, the question is whether the constitution limits the legislature, either expressly or impliedly, from enacting the statute at issue. See Board of Directors, 938 So.2d at 20.
When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. Board of Directors, 938 So.2d at 20. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. Board of Directors, 938 So.2d at 20.
The Louisiana Constitution is the highest expression of the will of the people. The people of Louisiana are served only if the courts recognize and enforce the provisions of the constitution. Under the clear language of LSA-Const. art. III, § 4(E), "[n]o person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms . . . shall be elected to the Senate for the succeeding term." "A person elected to fill the remainder of an unexpired legislative term shall take office within thirty days after the secretary of state promulgates the election returns." LSA-Const. art. III, § 5(B). Failure to timely assume an elected office will result in a vacancy. See LSA-Const. art. X, § 28.
Senator Fields has been elected to serve, and has served, as a member of the Senate for Louisiana Senate District 14 for more than two and one-half terms in three consecutive terms; therefore, he is prohibited by law from becoming a candidate in the October 20, 2007, election for Senator of Louisiana Senate District 14. To the extent LSA-R.S. 18:601 may be interpreted to be in derogation of the clear language of the Louisiana Constitution, it is unconstitutional.[5]

CONCLUSION
The judgment of the district court dismissing plaintiffs' Petition Objecting to Candidacy is reversed, and judgment is entered in favor of the plaintiffs, declaring *1063 Senator Cleo Fields ineligible as a candidate in the October 20, 2007, election for Senator of Senate District No. 14. Costs of this proceeding are assessed to the defendant, Cleo Fields.
REVERSED AND RENDERED.
HUGHES, J., dissents with reasons.
CARTER, C.J., and DOWNING, WHIPPLE and WELCH, JJ., dissent for reasons assigned by HUGHES, J.
HUGHES, J., dissenting.
I respectfully dissent. Statutes are presumed constitutional and any doubt is to be resolved in favor of the constitutionality of the statute. State v. Brenner, 486 So.2d 101, 103 (La.1986). The heavy burden of proving that an act is unconstitutional is upon the party attacking the act. St. Mary Anesthesia Associates, Inc. v. Hospital Service Dist. No. 2 of Parish of St. Mary, 01-2852 (La.App. 1 Cir. 12/20/02) 836 So.2d 379, 384, writ denied, 03-0220 (La.3/28/03), 840 So.2d 577. It is not enough for a person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. St. Mary, 836 So.2d at 384. To successfully challenge a legislative act as unconstitutional, the challenger must show that no circumstances exist under which the act would be valid. St. Mary, 836 So.2d at 384.
The concept of term limits as adopted by the legislature created a question when less than a full four-year term was involved. The legislature addressed this issue. Absent a finding of unconstitutionality, this solemn expression of legislative will should not be disturbed by judicial fiat. Qualified candidates should not be discouraged from running for legislative vacancies that will inevitably occur.
NOTES
[1] The appellate court shall sit en banc in all election contests involving candidates for membership in the state legislature. LSA-R.S. 18:1409 H.
[2] As qualified electors in Senate District 14, the plaintiffs have standing to bring this action. LSA-R.S. 18:1401 A.
[3] The judgment improperly attributes both the peremptory exception raising the objection of no cause of action and the motion for summary judgment to the plaintiff; however, it is clear from the record that the defendant, Senator Cleo Fields, filed these pleadings.
[4] 

Judging Qualifications and Elections; Procedural Rules; Discipline; Expulsion. Each house shall be the judge of the qualifications and elections of its members; shall determine its rules of procedure, not inconsistent with the provisions of this constitution; may punish its members for disorderly conduct or contempt; and may expel a member with concurrence of two-thirds of its elected members. Expulsion creates a vacancy in the office.
LSA-Const. art. III, § 7(A).
[5] In their petition, the plaintiffs state although "the constitutionality of La. R.S. 18:601 B is an issue herein, . . . this is not an action for declaratory judgment."