964 So.2d 930 (2007)
David DECULUS, Clara Deculus, Della Neely & Nancy Salemi
v.
Doug WELBORN, Clerk of Court for East Baton Rouge Parish & Candidate Cleo Fields.
No. 2007-C-1888.
Supreme Court of Louisiana.
October 1, 2007.
*931 Brace B. Godfrey, Jr., Lewis O. Unglesby, Baton Rouge, for Applicant.
Frank P. Simoneaux, R. Gray Sexton, Baton Rouge; Freeman Law Firm, Dayne Mario Freeman, Baton Rouge, Donald Carl Hodge, Jr., Jason Luke Melancon, Baton Rouge, Charles C. Foti, Jr., Attorney General, William P. Bryan, III, Uma M. Subramanian, Assistant Attorneys General, Sheri Marcus Morris, Baton Rouge, for respondent.
Yolanda Johnson Dixon, Jerry J. Guillot, and Glenn Alan Koepp, for Amicus Curiae, Senate of the Legislature of Louisiana.
KIMBALL, J.
We granted certiorari in this election challenge to consider the parameters of the term limitation in La. Const. art. III, § 4(E) and the relationship, if any, between La. Const. art. III, § 4(E) and La. R.S. 18:601(B). We find that La. R.S. 18:601(B) does not conflict with La. Const. art. III, § 4(E) and that the language of La. Const. art. III, § 4(E) precludes Senator Cleo Fields from seeking re-election to Louisiana Senate District 14 in the October 20, 2007, election.

FACTS AND PROCEDURAL HISTORY
The four-year term of office, set forth in La. Const. art. III, § 4(C), for Senate District 14 began on January 8, 1996. The senator who began that term resigned, and on December 13, 1997, Senator Fields was elected to fill the unexpired remainder of that term. The secretary of state promulgated the election results on December 18, 1997. On December 23, 1997, Senator Fields timely submitted the oath of office to the secretary of state.[1] The oath of office submitted by Senator Fields contained the text specified in La. Const. art. X, § 30. On March 23, 1998, the first day of the First Extraordinary Session, Senator Fields took a second oath of office before the Senate, again reciting the text specified in La. Const. art. X, § 30.
Senator Fields was subsequently elected to serve second and third consecutive four-year terms as Senator for Senate District 14. On September 4, 2007, Senator Fields *932 filed a notice of candidacy with the Clerk of Court for the Parish of East Baton Rouge, stating his intention to qualify as a candidate in the election for Senator of Louisiana Senate District 14. The primary election is scheduled for October 20, 2007.
On September 10, 2007, Plaintiffs filed a petition in the 19th Judicial District Court, objecting to Senator Fields' candidacy. The basis of the objection was that La. Const. art. III, § 4(E) prohibited Senator Fields from seeking re-election in the October 20, 2007, primary election.[2] In response, Senator Fields filed a declinatory exception raising the objection of lack of subject matter jurisdiction, a peremptory exception raising the objection of no cause of action, and a motion for summary judgment.
The district court held an expedited trial of this matter as required by the Louisiana Election Code.[3] The district court found that it had subject matter jurisdiction and overruled the peremptory exception raising the objection of no cause of action. The trial court also denied Senator Fields' motion for summary judgment and dismissed the plaintiffs' petition objecting to Senator Fields' candidacy.[4]
The court of appeal affirmed that portion of the trial court's judgment which found subject matter jurisdiction over the plaintiffs' challenge to candidacy. The court of appeal further found the plaintiffs' appeal was proper according to La. R.S. 18:1409 and La. Const. art. V, § 10(A). Applying the "clear language of La. Const. art. III, § 4(E),"[5] the court of appeal also found that Senator Fields was prohibited by law from becoming a candidate in the October 20, 2007, election for Senator of Louisiana Senate District 14. In reaching its decision, the court of appeal reasoned that Senator Fields had been elected to serve as a member of the Senate for that district for more than two and one-half terms.
Senator Fields filed the instant writ application on September 21, 2007, asserting that La. R.S. 18:601(B) establishes when a senator elected to serve an unexpired term commences his or her service in office, and that is the determinative date for purposes of the legislative term limitation. The plaintiffs, however, aver that the date of the election controls whether a legislator is term limited. On September 24, 2007, this Court granted Senator Fields' application for writs of review from the court of appeal and held oral argument on September 26, 2007.

DISCUSSION
The issue before this court involves the interpretation of the constitutional term *933 limitation found in La. Const. art. III, § 4(E) and whether it precludes Senator Fields from seeking re-election to Senate District 14. In its simplest form, the primary disagreement between the parties involves ascertaining the determinative date for the applicability of constitutional term limitations. Plaintiffs assert that the "elected to serve" language in La. Const. art. III, § 4(E) means that the date of election to a vacant term is the controlling date. In contrast, defendants allege that the language "term of office" in La. Const. art. III, § 4(E) requires the "service" of an actual term of office, as service is defined in La. R.S. 18:601(B). Thus, defendants argue that La. R.S. 18:601(B) is required in order to give effect to La. Const. art. III, § 4(E). To resolve this conflict, we must therefore determine whether La. Const. art. III, § 4(E) refers to the date of election or the term of service.
While the language of La. Const. art. III, § 4(E) was incorporated into the Louisiana Constitution in 1995, because of the time period set forth (i.e., "not more than two and one-half terms in three consecutive terms"), these issues remained relatively dormant until the 2006 session of the legislature. At that time, legislators indicated an uncertainty of the determinative date for the applicability of the constitutional term limitation, when part of the service included the completion of an unexpired term of office caused by a vacancy in that office. In response, the legislature adopted La. R.S. 18:601(B) to define the beginning of a term of office for a legislator for purposes of La. Const. art. III, § 4(E). La. R.S. 18:601(B) defines the beginning of service as when a person "takes the oath of office before his house of the legislature." Therefore, if the determinative date is the date the "service of a person" begins, as defendant alleges, he contends that La. R.S. 18:601(B) applies, unless and until it is declared unconstitutional. If, however, the date a person is "elected to serve" is determinative, then the legislature's definition of when service begins is of no moment. Therefore, our inquiry must begin with the meaning of La. Const. art. III, § 4(E).
We start our analysis with the language of La. Const. art. III, § 4(E), enacted by Acts 1995, No. 1326, Section 1, which sets forth legislative term limits in the following manner:
Election Limitation. No person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the Senate for the succeeding term. No person who has been elected to serve as a member of the House of Representatives for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the House of Representatives for the succeeding term.
La. Const. art. III, § 4(E) was introduced into the legislature as House Bill 1044 in 1995. The joint resolution, as originally introduced, was titled "Limitation on Terms." After amendment, the final version of the title became "Election Limitation." It is important to note that, while not determinative, the title of an act may be instructive in ascertaining its meaning. Pritchard v. Southern Ins. Co. of Nashville, Tenn., 176 La. 187, 145 So. 374 (1932); Authement v. Shappert Engineering and St. Paul Fire & Marine Insurance Company, 02-1631 (La.2/25/03); 840 So.2d 1181, citing Green v. Louisiana Underwriters Insurance Co., et al, 571 So.2d 610 (La.1990).
*934 Additionally, the substantive language of House Bill 1044 was changed. The original version proposed language which read: "[a] person who has served as a member of the Senate. . . ."[6] If that language had remained, it would be similar to the term limitation applicable to the office of the governor.[7] However, during the legislative process, House Bill 1044 was amended several times and the pertinent language was changed to read: "A person who has been elected to serve as a member of the Senate. . . ." This change evidences a clear intent by the legislature that the date of the election, rather than the service of a person, is determinative.
The clear language of the constitutional provision, buttressed by an analysis of the legislative history, establishes that the people enacted an amendment to the Constitution which provides that the date of the election is determinative in an analysis of the applicability of term limits.
Because we find that the date a legislator is elected to serve is operative in determining whether he is term limited under La. Const. art. III, § 4(E), it is therefore necessary to determine when a candidate is officially elected. According to La. R.S. 18:576(C), the secretary of state is required to compile the results of the elections immediately upon receipt of the results from the clerks of court and must make the compiled results available to the press and public. These election night results, however, are unofficial. La. R.S. 18:576(D).[8] Following election day, the secretary of state is required to promulgate election returns on or before the twelfth day following the primary or general election. La. R.S. 18:574(E). In an uncontested election, the election returns compiled and promulgated by the secretary of state shall be the official results. La. R.S. 18:575(A). Therefore, according to the foregoing provisions of the Election Code, the date the secretary of state promulgates the election returns is the date on which a candidate is officially elected.[9]
In the instant case, the election to fill the vacancy in Senate District 14 took place on December 13, 1997. The secretary of state promulgated the election returns on December 18, 1997, within the 12 days required by La. R.S. 18:574(E). The first term to which Senator Fields was elected began on January 8, 1996, and the half-way point of that term was January 9, 1998. Senator Fields was elected to serve the unexpired remainder of that term as of December 18, 1997. Accordingly, because Senator Fields was elected prior to January 9, 1998, he was elected to serve for more than half of the first term, and again for two more terms. Thus, he is precluded by the constitutional term limitation set forth in La. Const. art. III, § 4(E), from seeking re-election in the October 20, 2007, election.
*935 Because the date of election is controlling and La. R.S. 18:601(B) merely sets the date for the beginning of the legislator's term of service, La. R.S. 18:601(B) therefore becomes irrelevant for purposes of the constitutional term limitation found in La. Const. art. III, § 4(E). Thus, we are required to apply only the Louisiana Constitution in this instance, not because La. R.S. 18:601(B) is meaningless, but because it is not in conflict with La. Const. art. III, § 4(E).[10] Accordingly, La. R.S. 18:601(B) is not determinative in deciding whether a limitation is imposed on a candidate because of constitutional term limits, but rather determines when a legislator's service begins.

DECREE
For all of the foregoing reasons, we find Senator Cleo Fields is precluded from seeking re-election to Senate District 14 in the October 20, 2007, election for Senate District 14. Therefore, the judgment of the court of appeal is affirmed.
Pursuant to La. R.S. 18:1409(I), there shall be no opportunity for Applicant to apply for rehearing in this matter.[11]
JOHNSON, J., dissents and assigns reasons.
WEIMER, J., additionally concurs and assigns reasons.
JOHNSON, Justice, dissenting.
I respectfully dissent from the majority's finding that La. Const. art. III, § 4(E) precludes Senator Cleo Fields from seeking re-election to Louisiana Senate District 14 in the October 20, 2007 election.
According to the majority, the date that election returns are promulgated serves as the date of the beginning of a legislator's term of service for the purpose of determining term limits. Because it exercises the legislative power of the state, the legislature is permitted to enact any legislation the state constitution does not prohibit. Wooley v. State Farm Fire and Cas. Ins. Co., 2004-882 (La.1/19/05), 893 So.2d 746; Central Louisiana Elec. Co., Inc. v. Louisiana Public Service Commission, 344 So.2d 1046 (La.1977). Thus, in my view, this Court may only choose to disregard those laws if we find them to be unconstitutional.
Because the legislature chose to pass La. R.S. 18:601, it must be applied in this case in the absence of this Court declaring it unconstitutional.
When a law is clear and free from all ambiguity, it must be given effect as written. Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975).
La. R.S. 18:601(B) provides:

For purposes of Article III, Section 4(E) of the Constitution of Louisiana only, the service of a person who is elected to fill an unexpired term in the office of the state legislator shall begin as the time such person takes the oath of office before his house of the legislature.
(Emphasis added).
*936 Article III, Section 4(E) of the Louisiana Constitution of Louisiana provides:
(E) Election Limitation. No person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the Senate for the succeeding term. No person who has been elected to serve as a member of the House of Representatives for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the House of Representatives for the succeeding term. (Emphasis added).
Clearly, La. R.S. 18:601(B) was enacted specifically to give clarity to the term limits amendment to the Constitution. By refusing to apply this statute, the majority, despite its statement to the contrary, does indeed render the statute meaningless.
Once La. R.S. 18:601(B) is applied, the only conclusion is that Senator Cleo Fields is not precluded from qualifying for office of Senator for Senate District 14 in the October 20, 2007 election. There is no dispute that Senator Fields took the oath of office before the Senate on March 23, 1998, after the halfway point of the term which began on January 8, 1996. Thus, he has not served more than two and a half terms.
In my view, the only way to avoid application of La. R.S. 18:601 is to declare it unconstitutional. While the court of appeal's ruling on the constitutional issue is vague, to the extent that the court issued a ruling finding La. R.S. 18:601 to be unconstitutional, I believe it was improper. While this Court has held that there is no single procedure for challenging the constitutionality of a statute, we have held that the challenging party has a three part burden: the constitutional challenge must first be made in the trial court; the unconstitutionality must be specially pleaded; and the grounds outlining the basis of unconstitutionality must be particularized. Istre v. Meche, XXXX-XXXX (La.10/17/00), 770 So.2d 776; Reeder v. North, 97-0239, (La.10/21/97), 701 So.2d 1291; Williams v. State, Dept. of Health & Hospitals, 95-0713, (La.1/26/96), 671 So.2d 899; Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94), 646 So.2d 859. The rationale behind these "rules" is that interested parties need sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. Vallo, 94-1238 at p. 9, 646 So.2d at 865. In addition, this opportunity to fully brief and argue the issue provides the trial court with thoughtful and complete arguments relative to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to adjudge the constitutionality of the statute. Istre, 770 So.2d at 779.
In this case, Plaintiffs did technically plead the unconstitutionality of La. R.S. 18:601 in their Petition, and Plaintiffs did serve the Attorney General with a copy of their Petition. However, the Attorney General did not make an appearance on the record.[1] There was no hearing on the issue of constitutionality in the trial court; no evidence was submitted; and the trial court did not rule on the issue of constitutionality. In my view, the court of appeal erred in making a sua sponte declaration of the unconstitutionality of La. R.S. 18:601. As we explained in Vallo, supra, the requirement that the unconstitutionality of a statute be specifically plead "implies that this notable issue will receive a *937 contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue. The record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality." I find that the court of appeal did not follow proper procedure in holding that La. R.S. 18:601 was unconstitutional. Since there was no evidence submitted, nor argument made on the Constitutional issue, it reasons that the court of appeal could not have made a proper determination that the Plaintiffs met their (very difficult) burden of proof.
For the above reasons, I respectfully dissent.
WEIMER, J., concurring.
I concur in the result and in the analysis that finds the constitutional provision dispositive. For purpose of term limits, the relevant event is when one is "elected to serve." La. Const. art. III, § 4(E). Once the results of the election are promulgated as the constitution requires, a candidate is elected to serve. La. Const. art. III, § 5(B). The date one takes the oath of office is of no consequence for the purpose of determining the applicability of term limits.
The plaintiffs in this matter adequately raised the constitutionality of LSA-R.S. 18:601(B) for the purpose of resolving the issue of candidacy, which was the only issue before the court. See Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865.[1] Both the constitution and the statute must be construed to determine the issue of candidacy. If there is an irreconcilable conflict between the statute and the constitution, the statute must yield. World Trade Center Taxing District v. All Taxpayers, Property Owners, 05-0374, p. 12 (La.6/29/05), 908 So.2d 623, 632.
Emanating from the people, the constitution is the basic, fundamental law of this state and is afforded primacy. Enacted by the legislature and signed into law by the governor, a statute cannot contradict nor conflict with the constitution. The legislature cannot effectuate a change in the constitution by legislative enactment without a vote of the people. For the purpose of resolving this matter, between these parties, the constitution clearly and unambiguously resolves the issue and the statute must yield if the statute cannot be construed in a fashion which harmonizes it with the constitution.
NOTES
[1] La. Const. art. III, § 5(B) provides: "Filling Vacancy. A person elected to fill the remainder of an unexpired legislative term shall take office within 30 days after the secretary of state promulgates the election returns."
[2] The plaintiffs are David Deculus, Clara Deculus, Della Neely, and Nancy Salemi. All have standing to bring this action as qualified electors in Senate District 14 pursuant to La. R.S. 18:1401(A).
[3] La. R.S. 18:1406(C) and La. R.S. 18:1409(A) provide specific requirements for expedited proceedings in election matters.
[4] The judgment improperly attributes both the peremptory exception raising the objection of no cause of action and the motion for summary judgment to the plaintiffs. However, it is clear from the record that the defendant, Senator Fields, filed these pleadings.
[5] The text of La. Const. art. III, § 4(E) provides: "No person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the Senate for the succeeding term. No person who has been elected to serve as a member of the House of Representatives for more than two and one-half terms in three consecutive terms, that service being during a term of office that began on or after January 8, 1996, shall be elected to the House of Representatives for the succeeding term."
[6] HLS 95-1066, Regular Sess. 1995, HB 1044 (original).
[7] The term limitation for the office of governor is made by reference to time actually served, rather than the date of the election. La. Const. art. IV, § 3(A) provides, in pertinent part:

"A person who has served for more than one and one-half terms in two consecutive terms shall not be elected governor for the succeeding term."
[8] La. R.S. 18:576(D) provides:

"The election night results required to be compiled and transmitted by the provisions in this Section shall be unofficial."
[9] See also, La. Const. art. III, § 5(B), quoted at note 1, which obligates a person elected to fill an unexpired legislative term to take office within thirty days after the secretary of state promulgates the election returns.
[10] While there is disagreement as to whether the court of appeal ruled La. R.S. 18:601(B) unconstitutional, because of our ruling today, La. R.S. 18:601(B) and La. Const. art. III, § 4(E) may be harmonized; therefore, any discussion of the constitutional issue by the court of appeal was unnecessary. As such, whether or not La. R.S. 18:601(B) is unconstitutional is of no moment for our present analysis, thus we express no opinion on the constitutional issue.
[11] La. R.S. 18:1409(I) provides:

"No application for a new trial or for a rehearing shall be entertained by any court, but a court, upon its own motion, may correct manifest error to which its attention is called."
[1] The Attorney General stated that no argument was made regarding the constitutionality of La. R.S. 18:601 in the trial court, therefore an appearance was not necessary.
[1] But see, In Re Melancon, XXXX-XXXX (7/10/06), 935 So.2d 661, which defendant cites for the proposition that constitutionality must be properly raised in the trial court. Ultimately, In Re Melancon involved a failure to prove standing in a proceeding we found "defies classification." The parties to this matter unquestionably had standing.