42 So.3d 1157 (2010)
Georgette N. MATASSA and Phyllis Z. Rodrigue
v.
Madeline JASMINE, and Jay Dardenne, In his Official Capacity as Louisiana Secretary of State.
No. 2010 CE 1298.
Court of Appeal of Louisiana, First Circuit.
July 22, 2010.
Writ Denied July 26, 2010.
*1158 Matthew W. Pryor, Barbara Lane Irwin, Gonzales, Louisiana, Attorneys for Plaintiffs/Appellees Georgette N. Matassa and Phyllis Z. Rodrigue.
Ernest L. Jones, New Orleans, Louisiana, Attorney for Defendant/Appellant Madeline Jasmine.
Daniel E. Becnel, Jr., Salvatore Christini, Reserve, Louisiana, Attorneys for Appellants, Francis W. Guidry, Jr. and Patrick C. Sellars.
Will Crawford Baton Rouge, Louisiana, Attorney for Defendant/Appellee, Jay Dardenne, Louisiana Secretary of State.
William Bryan, Baton Rouge, Louisiana, Attorney for Defendant/Appellee, Betty Madere, Registrar of Voters.
Before CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, GAIDRY, McDONALD, McCLENDON, AND HUGHES, JJ.[2]
PARRO, J.
Madeline Jasmine appeals a judgment disqualifying her as a candidate for the office of judge, Court of Appeal, Fifth Circuit, *1159 Second District, Division A. For the reasons expressed, we affirm.

FACTS AND PROCEDURAL BACKGROUND
On July 8, 2010, Madeline Jasmine[1] filed a sworn Notice of Candidacy with the Louisiana Secretary of State, purportedly qualifying as a candidate for the primary election scheduled for October 2, 2010, for the office of judge of the Court of Appeal, Fifth Circuit, Second District, Division A. On July 12, 2010, plaintiffs Georgette N. Matassa and Phyllis Z. Rodrigue filed a petition, under LSA-R.S. 18:492(A)(3) and 18:1401(A), objecting to Judge Jasmine's candidacy on the grounds that she does not meet the qualifications for the office she seeks in the primary election. Specifically, plaintiffs allege that the Fifth Circuit is divided into three districts and argue that a candidate for judge of the second district of the Fifth Circuit must be domiciled in the second district. It is uncontested that Judge Jasmine is domiciled in the third district.
The district court conducted a hearing on July 15, 2010. On July 16, the district court issued written reasons for judgment and signed a judgment sustaining plaintiffs' objection to Judge Jasmine's candidacy and disqualifying her as a candidate. This appeal ensued.[2]

DISCUSSION
This appeal presents the purely legal issue of whether an otherwise qualified domiciliary of the third district of the Fifth Circuit may run for the position of judge from the second district.
Article V, § 9 of the Louisiana Constitution provides:
Courts of Appeal; Circuits and Districts
Each circuit shall be divided into at least three districts, and at least one judge shall be elected from each. The circuits and districts and the number of judges as elected in each circuit on the effective date of this constitution are retained, subject to change by law enacted by two-thirds of the elected members of each house of the legislature.
In accordance with this constitutional mandate, Louisiana Revised Statute 13:312(5)(b) divides the Fifth Circuit into three districts: the first district is comprised of Jefferson Parish; the second district is composed of St. James Parish and that portion of St. John the Baptist Parish east of the Mississippi River; and the third district is composed of St. Charles Parish and that portion of St. John the Baptist Parish west of the Mississippi River.
Also in accordance with Article V, § 9, LSA-R.S. 13:312.1(E)(3) provides that "[o]ne judge shall be elected from the second district of the fifth circuit."[3]
*1160 Relative to the qualifications for judges, Article V, § 24 of the Louisiana Constitution provides, in pertinent part:
Judges; qualifications
A. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appealsten years.
Judge Jasmine essentially reads Article V, § 24 as requiring that a "judge of ... a court of appeal ... shall have been domiciled in the respective ... circuit ... for one year preceding election[.]" Her argument suggests that the term "circuit" applies to court of appeal judges, while the terms "district" and "parish" refer to judges for the other courts covered by the Article. She concludes that Article V, § 24 requires only that she be domiciled in the circuit for at least one year and that there is no requirement that she be domiciled in the specific "legislatively created" district provided by statute.
Judge Jasmine's interpretation of Article V, § 24 would be somewhat persuasive if that Article is read in isolation. However,
[c]onstitutional interpretation is not to be approached in a word-byword, sentence-by-sentence, even article-by-article examination, but is to be made from a reading of the provisions in the context that each is a part of the Constitution as a whole body of law, with full meaning given to the express language throughout the Constitution.
Chehardy v. Democratic Executive Committee for Jefferson Parish, 259 La. 45, 48, 249 So.2d 196, 198 (1971).
We find that Article V, § 9, relative to the structure of the courts of appeal, read together with Article V, § 24, relative to the qualifications for judges for the courts of appeal, demonstrate that the circuits shall be divided into "districts," that at least one judge shall be elected from each respective district, and that a candidate for a constitutionally created "district" of a circuit must be domiciled in that district. Under LSA-R.S. 13:312.1(E), the second district of the Fifth Circuit is allotted only one judge; accordingly, that judge must be "from" the second district.
Article V, § 9 does not preclude the possibility of a candidate running at large from an entire circuit, provided at least one judge is elected from each district. See Lee Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 773-74 (1977). As a matter of fact, LSA-R.S. 13:312.1(D) provides that two of the twelve judges of the Court of Appeal for the Fourth Circuit "shall be elected from the circuit at large by the qualified electors thereof." Therefore, in order to qualify for such office, a candidate for either of these two at-large judgeships must comply with LSA-Const. art. V, § 24, and "shall have been domiciled in the respective ... circuit ... for one year preceding election." The other ten judges "shall have been domiciled in the respective district" to meet the qualifications for these offices.
The district court acknowledged that the legislature cannot impose additional qualifications for judges by statute. Knobloch v. Democratic Committee, 73 So.2d 433 (La.App. 1st Cir.1954), cited in Cook v. Campbell, 360 So.2d 1193 (La.App. 2nd Cir.), writ denied, 362 So.2d 573 (La.1978). Further, the district court noted that the *1161 legislature is presumed to act with deliberation and knowledge of existing law regarding the same subject. See Detillier v. Kenner Regional Medical Center, 03-3259 (La.7/6/04), 877 So.2d 100. The district court observed that LSA-R.S. 13:312 establishes "districts" for the fifth circuit, that LSA-R.S. 13:312.1(E) provides that one judge shall be elected "from" the second district, and concluded that the terms "from" and "district" necessarily relate back to the term "district" in Article V, § 24. The court opined that the use of the term "district" is deliberate and is directly related to the respective domicile requirements of Article V, § 24.
We find that, rather than superimposing an additional qualification for judgeship, the district court's conclusion gives effect to the constitutional provisions at issue. See LSA-Const. art. V, § 9 and § 24.
We are mindful that the laws governing the conduct of elections should be liberally interpreted so as to promote, rather than defeat, candidacy. Dixon v. Hughes, 587 So.2d 679 (La.1991). We are nevertheless constrained to find that a candidate for the office of judge of the Fifth Circuit, Second District must be domiciled in the second district. Accordingly, the district court's judgment disqualifying Judge Jasmine is affirmed.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
KUHN, J., dissents in part and assigns reasons.
McCLENDON, J., agrees in part and dissents in part and assigns reasons.
GUIDRY, J., dissenting.
The issue before this court is whether Judge Jasmine is a qualified candidate for the Office of Judge of the Fifth Circuit Court of Appeal. Louisiana Constitution article 5, § 24 A is the provision of our state constitution that expressly provides for the qualifications for judges, and it states, in pertinent part:
A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election....
Using basic parallel construction and giving credence specifically to the adjective "respective," it is clear that each of the divisions listed must correspond to the "respective" courts to which the division refers. Therefore, a plain reading of the clear, express language of this provision simply requires a candidate for Court of Appeal Judge to have been domiciled in his or her respective circuit. We are constitutionally prohibited, as a court (as is the legislature) from adding an additional requirement that a person live in a particular district in the circuit; that would require a constitutional amendment.
As noted by this court in Deculus v. Welborn, 07-1836, p. 9 (La.App. 1st Cir.9/19/07), 970 So.2d 1057, 1062, aff'd, 07-1888 (La.10/1/07), 964 So.2d 930:
The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield. Macon v. Costa, 437 So.2d 806, 810 (La. 1983). Our state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people, exercised through the legislature. World Trade Center Taxing Dist. v. All Taxpayers, Property Owners, 05-0374 (La.6/29/05), 908 So.2d 623, 632.
While the clear language of La. Const. art. 5, § 24 sets out the qualifications for a *1162 candidate seeking election to the Court of Appeal, both La. Const. art. 5, § 9 and La. R.S. 13:312(5)(b) address the geographical areas within the circuit in which any qualified candidate may run. The use of the word "from" in La. Const. art. 5, § 9 refers to the election districts and the respective electorate therein, who may choose from any candidate that is qualified by virtue of his or her being domiciled in the circuit. The geographical designation of election districts is not to establish the qualifications for candidates for the Court of Appeal, but simply to geographically divide the electorate within a circuit.
If the electorate from any of the designated voting districts choose not to elect a person because he or she is not domiciled in their particular district, they are free to do so; however, as our state constitution plainly provides, such a person may nevertheless qualify for the office and present his or herself for election by virtue of their meeting the qualifications as expressly provided for in Article 5, section 24 A. Here, we have a constitutional article that expressly provides that a judicial candidate must be domiciled in that court's circuit, a separate constitutional provision mandating the division of the circuit into three districts and a statutory provision providing the specific geographical region included in each election district of that circuit. The latter two provisions do not establish that a person must be domiciled within a specific election district in order to qualify as a candidate for that circuit. Similar to the Louisiana Supreme Court's holding in the Deculus v. Welborn case, to the extent that two provisions address different circumstances, one should not be used to determine an issue addressed in the other. See Deculus, 07-1888, pp. 7-8 (La.10/10/07), 964 So.2d 930, 935. The jurisprudence of our state is clear, election laws must be interpreted to give the electorate the widest possible choice of candidates. Landiak v. Richmond, 05-0758, p. 6 (La.3/24/05), 899 So.2d 535, 541. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Landiak, 05-0758 at 7, 899 So.2d at 541.
Therefore, I respectfully dissent.
KUHN, J., dissenting in part.
I am compelled to dissent from that portion of the majority opinion that affirms the trial court's disqualification of the plaintiff, even though elections in our circuit courts of appeal have perhaps traditionally yielded the election of judges to the district in which they are domiciled. But our role as judges is simply to interpret the law, i.e., in this case, very clear constitutional provisions, and not to interject personal beliefs or opinions into the equation. To do so would turn our appellate courts into policy courts, which they certainly are not. Here, the majority drifts off into substituting its logic or view of tradition for the clear language of the constitution.
Judge Guidry's well-reasoned dissent is an appropriate analysis of the constitution and points out soundly the clear language therein that sets forth the qualifications of circuit court of appeal judges. When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1, 7. Certainly, legislation and law review articles cannot be used to "explain" what the constitution means or how it should be read; the majority falls into *1163 error in using La. R.S. 13:312.1 and the cited law review article to interpret our constitution.
Likewise, it is neither helpful nor appropriate to consider, even unconsciously, the traditions of past elections. While I may like to accept and follow tradition, my role as a judge in this case does not allow this. Further, it seems that the dilemma brought into focus in this suit will not practically or politically occur in other circuits.
If the Supreme Court should choose to enunciate a policy concerning the constitutional issues in this case, that is in fact the role of that court but not that of this court.
McCLENDON, J., agrees in part and dissents in part.
Respectfully, I agree with the majority opinion with the exception of the affirmation of the denial of the motion to continue and to intervene. This ruling is premature. The record is unclear as to whether the judgment denying the motion to continue and to intervene was rendered while a recusal motion was pending. If such judgment was rendered prior to disposition of the motion to continue and to intervene, then the judgment would be an absolute nullity. In re Sassone, 07-0651 (La.6/29/07), 959 So.2d 859. Thus, I would remand to the district court for supplementation of the record on this limited issue.
NOTES
[2] Judge Jewel E. "Duke" Welch, recused, and Judge Robert D. Downing, not available, did not participate in this opinion.
[1] Ms. Jasmine currently serves as a district judge for the Fortieth Judicial District Court, Parish of St. John the Baptist.
[2] On July 14, 2010, Patrick C. Sellars and Francis W. Guidry, Jr. filed a motion to intervene in the instant suit and a motion to continue the hearing. Therein, they referenced their action in federal court challenging the manner in which appellate court seats are apportioned. The district court denied the motions on July 15, 2010, and movers sought an appeal of that judgment. We find no abuse of the district court's discretion in denying the motion to continue and no error in the denial of the motion to intervene. Accordingly, the ruling denying the motion to continue and to intervene is affirmed. Thus, Mr. Sellars and Mr. Guidry are not considered parties to this litigation.
[3] LSA-R.S. 13:312.1(E)(1) and (2) provide, respectively, that the Court of Appeal for the Fifth Circuit shall be composed of eight judges, six of whom are elected from the first district. LSA-R.S. 13:312.1(E)(4) provides that one judge shall be elected from the third district.