GUIDRY, J.,
dissenting.
h The issue before this court is whether Judge Jasmine is a qualified candidate for the Office of Judge of the Fifth Circuit Court of Appeal. Louisiana Constitution article 5, § 24 A is the provision of our state constitution that expressly provides for the qualifications for judges, and it states, in pertinent part:
A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election....
Using basic parallel construction and giving credence specifically to the adjective “respective,” it is clear that each of the divisions listed must correspond to the “respective” courts to which the division refers. Therefore, a plain reading of the clear, express language of this provision simply requires a candidate for Court of Appeal Judge to have been domiciled in his or her respective circuit. We are constitutionally prohibited, as a court (as is the legislature) from adding an additional requirement that a person live in a particular district in the circuit; that would require a constitutional amendment.
As noted by this court in Deculus v. Welborn, 07-1836, p. 9 (La.App. 1st Cir.9/19/07), 970 So.2d 1057, 1062, aff'd, 07-1888 (La.10/1/07), 964 So.2d 930:
|2The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield. Macon v. Costa, 437 So.2d 806, 810 (La.1983). Our state constitution’s provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people, exercised through the legislature. World Trade Center Taxing Dist. v. All Taxpayers, Property Owners, 05-0374 (La.6/29/05), 908 So.2d 623, 632.
While the clear language of La. Const, art. 5, § 24 sets out the qualifications for a *1162 candidate seeking election to the Court of Appeal, both La. Const, art. 5, § 9 and La. R.S. 13:312(5)(b) address the geographical areas within the circuit in which any qualified candidate may run. The use of the word “from” in La. Const, art. 5, § 9 refers to the election districts and the respective electorate therein, who may choose from any candidate that is qualified by virtue of his or her being domiciled in the circuit. The geographical designation of election districts is not to establish the qualifications for candidates for the Court of Appeal, but simply to geographically divide the electorate within a circuit.
If the electorate from any of the designated voting districts choose not to elect a person because he or she is not domiciled in their particular district, they are free to do so; however, as our state constitution plainly provides, such a person may nevertheless qualify for the office and present his or herself for election by virtue of their meeting the qualifications as expressly provided for in Article 5, section 24 A. Here, we have a constitutional article that expressly provides that a judicial candidate must be domiciled in that court’s circuit, a separate constitutional provision mandating the division of the circuit into three districts and a statutory provision providing the specific geographical region included in each election district of that circuit. The latter two provisions do not establish that a person must be domiciled within a specific election district in order to qualify as a candidate for that circuit. Similar to the Louisiana Supreme Court’s holding in the Deculus v. Welbom case, to the extent that two provisions address different circumstances, |sone should not be used to determine an issue addressed in the other. See Deculus, 07-1888, pp. 7-8 (La.10/10/07), 964 So.2d 930, 935. The jurisprudence of our state is clear, election laws must be interpreted to give the electorate the widest possible choice of candidates. Landiak v. Richmond, 05-0758, p. 6 (La.3/24/05), 899 So.2d 535, 541. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Landiak, 05-0758 at 7, 899 So.2d at 541.
Therefore, I respectfully dissent.